1   Jesse J. Maddox, Bar No. 219091
    jmaddox@lcwlegal.com
2   Erik M. Cuadros, Bar No. 287193
    ecuadros@lcwlegal.com
3   Che I. Johnson, Bar No. 252112
    cjohnson@lcwlegal.com
4   LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
5   5250 North Palm Ave, Suite 310
    Fresno, California 93704
6   Telephone:   559.256.7800
    Facsimile:    559.449.4535
7
    Attorneys for Defendants JOHN D. LOLLIS, CITY OF
8   PORTERVILLE, CITY OF PORTERVILLE FIRE
    DEPARTMENT, MARIO GARCIA, and GLENN IRISH
9

10              UNITED STATES DISTRICT COURT

11          EASTERN DISTRICT OF CALIFORNIA - FRESNO

12

CLYDE TILLERY, an individual,          | Case No.:
13
                    Plaintiff,          | Complaint Filed: May 28, 2014
14                                      | FAC Filed: November 19, 2014
        v.
15                                      | **NOTICE OF REMOVAL OF ACTION UNDER
JOHN D. LOLLIS, in his official         | 28 U.S.C. § 1441, FEDERAL QUESTION**
16  capacity; CITY OF PORTERVILLE, a    |
    public entity; CITY OF PORTERVILLE  | **(*Exempt from filing fees pursuant to Gov.
17  FIRE DEPARTMENT, a public entity;   | Code, § 6103)**
    MARIO GARCIA, an individual;        |
18  GLENN IRISH, an individual; DOES 1- |
    20,                                 |
19                                      |
                    Defendants.         |
20

21      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22      PLEASE TAKE NOTICE that Defendants JOHN D. LOLLIS, CITY OF

23  PORTERVILLE, CITY OF PORTERVILLE FIRE DEPARTMENT, MARIO GARCIA, and

24  GLENN IRISH ("City" or "Defendants") hereby remove to this Court the state court action

25  described below:

26      1.   On May 28, 2014, Plaintiff Clyde Tillery filed a Complaint for Damages for

27  Whistleblower Retaliation and Employment Discrimination, in the Superior Court of the State of

28  California for the County of Tulare entitled *Clyde Tillery, Plaintiff, v. John Lollis, City of*

89522.3 PO090-018

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1   *Porterville, City of Porterville Fire Department, Mario Garcia, Glenn Irish, and Does 1-20,*

2   *Defendants,* as Case Number VCU 256467.  A true and correct copy of the Complaint is attached

3   hereto as Exhibit "A."

4       2.   On August 1, 2014, the City filed a Demurrer to all three causes of action in the

5   Complaint.  A true and correct copy of the Demurrer is attached as Exhibit "B."  On October 14,

6   2014, Plaintiff filed a Memorandum of Points and Authorities in Opposition to Demurrer.  On

7   October 21, the City filed a Reply to Plaintiff's Opposition to Demurrer to Complaint.

8       3.   On November 19, 2014, prior to the hearing on the Demurrer, Plaintiff filed his

9   First Amended Complaint.  The First Amended Complaint added causes of action under 42

10  U.S.C. section 1983 for violation of civil rights - deprivation of free speech; 29 U.S.C. section

11  2615 for interference with FMLA leave; and 29 U.S.C. section 2615 for FMLA retaliation.

12  Plaintiff omitted exhibits under the First Amended Complaint's exhibit tab.  Accordingly,

13  Plaintiff filed a Notice of Errata to First Amended Complaint and a copy of the First Amended

14  Complaint, with all exhibits, on November 20, 2014.  A true and correct copy of the First

15  Amended Complaint is attached as Exhibit "C."

16      4.   This action is removable to the District Court in accordance with 28 U.S.C. section

17  1441(a) and (c) in that it arises under federal question jurisdiction based upon alleged violations

18  of 42 U.S.C. section 1983 for First Amendment deprivation and 29 U.S.C. section 2615 for

19  interference with leave and retaliation.

20      5.   The supplemental claims (i.e., claims under California Labor Code section

21  1102.5(b) and Government Code section 12940(h) and (j)) contained within this civil action are

22  so related to the 42 U.S.C. section 1983 and 29 U.S.C. section 2615 claims that they form part of

23  the same case or controversy.  These claims may be removed to this Court pursuant to the

24  provisions of 28 U.S.C. section 1367(a).

25      6.   This NOTICE OF REMOVAL OF ACTION is filed with the District Court within

26  thirty (30) days after receipt by the City of a copy of the First Amended Complaint, setting forth

27  for the first time claims giving rise to removal under 28 U.S.C. section 1441(a) and (c), in

28  accordance with 28 U.S.C. section 1446(b).

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

89522.3 PO090-018

2

1    7.   The City is providing prompt notice to all adverse parties of the filing of the

2   NOTICE OF REMOVAL OF ACTION and it is filing a copy of the NOTICE OF REMOVAL

3   OF ACTION with the Clerk of the Tulare County Superior Court.

4    8.   The above-described action now pending in the Superior Court of the State of

5   California for the County of Tulare should be removed to this District Court in accordance with

6   the provisions of 28 U.S.C. sections 1441(a) and (c) and 1446(a) and (b).

7    9.   Attached as Exhibit "D" and incorporated herein by reference is a copy of the

8   City's Notice to State Court of Removal of Action.  Attached as Exhibit "E" and incorporated

9   herein by reference is a copy of the City's Notice to Plaintiff of Removal to Federal Court being

10  served on Plaintiff's counsel this date.

11

12  Dated: December 19, 2014                    LIEBERT CASSIDY WHITMORE

13

14

15                                  By:   _____/S/ JESSE J. MADDOX_____
                                          Jesse J. Maddox
16                                        Erik M. Cuadros
                                          Che I. Johnson
17                                        Attorneys for Defendants JOHN D.
                                          LOLLIS, CITY OF PORTERVILLE,
18                                        CITY OF PORTERVILLE FIRE
                                          DEPARTMENT, MARIO GARCIA,
19                                        and GLENN IRISH

20

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno, State of California.  I am over the age of 18 and not a party to the within action; my business address is: **5250 North Palm Ave, Suite 310, Fresno, California 93704.**

On December 19, 2014, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441, FEDERAL QUESTION** in the manner checked below on all interested parties in this action addressed as follows:

Ms. Maria G. Diaz
The Diaz Law Firm
7045 N. Maple Ave., #107
Fresno, CA 93720

Mr. David J. Duchrow
Duchrow & Plano, LLP
501 Santa Monica Blvd., #505
Santa Monica, CA 90401-2443

☑  **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Liebert Cassidy Whitmore for collection and processing of document(s) to be transmitted by facsimile.  I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 559.449.4535 to the facsimile number(s) listed above.  The facsimile machine I used complied with the applicable rules of court. Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine.  A copy of this transmission is attached hereto.

Executed on **December 19, 2014,** at Fresno, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Susan Pugh_
Susan L. Pugh

Exhibit A

1   **DUCHROW & PIANO, LLP**
    David J. Duchrow, C.S.B. No. 105617
2   Jill A. Piano C.S.B. No. 193930
    501 Santa Monica Boulevard, Suite 505
3   Santa Monica, California 90401-2443
    Telephone (310) 395-5511
4   Facsimile (310) 395-6677

5   **THE DIAZ LAW FIRM**
    Maria G. Diaz, C.S.B. No. 220087
6   Kirby Fernando Cañon, C.S.B. No.276414
    7045 N. Maple Ave. Suite 107
7   Fresno, California 93720
    Telephone Number: (559) 321-8880
8   Fax Number: (559) 321-8878

9   Attorneys for Plaintiff, CLYDE TILLERY

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

MAY 28 2014

LARAYNE CLEEK, CLERK
BY: ~~Pauline Niggli~~

CASE MANAGEMENT CONFERENCE

Hearing Date: _10.24.14_
Time: _8:30am_
Department: _1_

10

11          SUPERIOR COURT, STATE OF CALIFORNIA, COUNTY OF TULARE

12                          COUNTY CIVIC CENTER

13                      221 SOUTH MOONEY BOULEVARD

14                        VISALIA, CALIFORNIA 93291

15   CLYDE TILLERY, an individual,            )   CASE NO:
                                              )
16                  Plaintiff,                )   **COMPLAINT    256467**
                                              )
17          vs.                               )   1.   Whistleblower Retaliation, Cal.
                                              )        Labor Code § 1102.5 (b)
18   JOHN D. LOLLIS, in his official capacity; )
     CITY OF PORTERVILLE, a public entity;    )   2.   Employment Discrimination -
19   CITY OF PORTERVILLE FIRE                  )        Hostile Work Environment - Sex,
     DEPARTMENT; a public entity, MARIO       )        Cal. Government Code § 12940(j)
20   GARCIA, an individual; GLENN IRISH, an   )
     individual; Does 1-20,                   )   3.   Employment Discrimination -
21                                            )        Retaliation, Cal. Government Code
                    Defendants                )        § 12940(h)
22                                            )
                                                  **DEMAND FOR JURY TRIAL**
23

24   Plaintiff alleges:

25               **ALLEGATIONS AS TO ALL CAUSES OF ACTION**

26          1.      Plaintiff CLYDE TILLERY (referred to herein at times as **TILLERY** or

27   "**Plaintiff**"), was and is a resident of the State of California, County of Tulare.

28          2.      Plaintiff is informed and believes that Defendant **CITY OF PORTERVILLE**

                                            -1-

1  (referred to herein as "CITY") was, and is, a municipal entity doing business in Tulare County,

2  California, and that CITY is organized and existing pursuant to the Constitution and laws of the

3  State of California.

4      3.    Defendant JOHN D. LOLLIS (referred to herein as "LOLLIS") is, and at all

5  times described herein was, the City Manager of the CITY. He is sued herein in his official

6  capacity. Among his duties were hiring, firing, disciplining, supervising, evaluating, and

7  overseeing the heads of various city departments, including the fire department; and deciding

8  whether or not to allow disciplinary actions against employees, including employee terminations,

9  to proceed. Plaintiff is informed and believes that Defendant LOLLIS authorized and/or ratified

10  all actions of the other individual defendants described herein.

11     4.    Unless otherwise indicated, at all relevant times, Defendant LOLLIS was

12  Plaintiff's "employer" within the meaning of California Government Code §12926(d), which

13  defines "employer" as any person regularly employing five or more persons, or any person acting

14  as an agent of an employer, directly or indirectly . . . ."

15     5.    Plaintiff is informed and believes that Defendant CITY OF PORTERVILLE

16  FIRE DEPARTMENT (referred to herein as "CPFD") was, at all relevant times, a public entity

17  doing business in Tulare County, California. Defendant CPFD is and at all times a department of

18  the City of Porterville, organized and existing under, and by virtue of, the City of Porterville, as

19  well as the laws and Constitution of the State of California. Defendant CPFD is an "employer" as

20  defined in California Government Code §12926(d).

21     6.    At all relevant times before March 4, 2013, Plaintiff was a CITY employee and at

22  all times performed his duties in a good to excellent manner.

23     7.    Plaintiff is informed and believes that Defendant MARIO GARCIA, (referred to

24  herein as "GARCIA") was, unless otherwise indicated, at all relevant times, residing in Tulare

25  County; unless otherwise indicated, and that at all relevant times GARCIA was one of the

26  managerial employees of Defendant CPFD until his retirement in October, 2012; and that as Chief

27  of CPFD, GARCIA had the authority to enact policies of the CPFD, subject to the approval of the

28  governing board of the CITY. GARCIA is sued herein in his official and individual capacities.

8.      Unless otherwise indicated, at all relevant times, Defendant **GARCIA** was Plaintiff's "employer" within the meaning of California Government Code §12926(d), which defines "employer" as "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly . . . ."

9.      Plaintiff is informed and believes that Defendant **GLENN IRISH**, (referred to herein as "**IRISH**") was, unless otherwise indicated, at all relevant times, residing in Tulare County; unless otherwise indicated, and that at all relevant times **IRISH** was one of the managerial employees of Defendant **CPFD**, and its Chief beginning in or around October, 2012, the hand-picked successor to **GARCIA**; and that as Chief of **CPFD**, **IRISH** has the authority to enact policies of the **CPFD**, subject to the approval of the **CITY**. **IRISH** is sued herein in his official and individual capacities.

10.      Unless otherwise indicated, at all relevant times, Defendant **IRISH** was Plaintiff's "employer" within the meaning of California Government Code §12926(d), which defines "employer" as "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly . . . ."

11.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as herein alleged were proximately caused by their negligence. Plaintiff is further informed and believes and thereon alleges that each of the fictitiously named defendants were acting as the alter ego, agent or employee of each other defendants, and that all acts of the Defendants named herein by their true or fictitious names acted with the authority, or subsequent ratification, of each of the other Defendants.

12.      At all times herein mentioned, **Plaintiff** was fully qualified and competent to perform the duties assigned to him in the course of his employment, and did perform the duties in a good to exceptional manner.

COMPLAINT; DEMAND FOR JURY TRIAL

13.     On January 26, 2011, while on duty at a commercial structure fire while operating a fire Apparatus Ladder Truck, Plaintiff was injured.  Immediately after the fire the Plaintiff experienced flu-like symptoms and his condition worsened. He was taken to the Emergency Room where he was diagnosed with toxic smoke inhalation.  The smoke inhalation caused him to suffer from bronchitis which turned into pneumonia and valley fever.  Plaintiff was hospitalized on March 3, 2011, with pneumonia and his lungs collapsed.  He was on a ventilator for around four days and was on medical leave for around one month.

14.     On April 28, 2011, Plaintiff returned to work and was assigned to light duty in the Fire Prevention Department.  First, he worked under **IRISH** and then he was assigned to work under Chief Dave Lapere ("Lapere").  Defendant **GARCIA** was the Head of the Fire Prevention Department during this time.  Plaintiff worked Monday through Friday from the hours 8:00 a.m. until 5:00 p.m.

15.     On March 7, 2012, Plaintiff was working in the office of the former Fire Chief Loran Blasdell ("**BLASDELL**").  While Plaintiff was cleaning out the file cabinets, he found a printed email with pornographic material on it.  The email stated that is was "from" **BLASDELL** using the email name identified as "oralguy63" and it was addressed to another male.  This email is referred to herein as "Pornographic Email."  Plaintiff turned the Pornographic Email over to Lapere because pornographic materials in the office were a violation of Department rules and regulations.  Lapere took it directly to Defendant **GARCIA**'s office.  Lapere returned to the prevention office and told Plaintiff that Defendant **GARCIA** "shredded" the Email.  Plaintiff and Lapere found it disturbing that Defendant **GARCIA** would destroy evidence of the Pornographic Email without investigating the matter as pornographic materials in the Department were in violation of rules and regulations.

16.     Defendant **GARCIA** destroyed the Pornographic Email and any evidence of it, without conducting any investigation or disciplining anyone about it.  Plaintiff believed that Defendant **GARCIA** was covering up for **BLASDELL** as they were best friends.  In addition, Defendant **GARCIA** hired **BLASDELL** over several months to work on his house.  Plaintiff realized he could not trust Defendant **GARCIA** because of the destruction of evidence, and

-4-

1  believed that Defendant **GARCIA** would do anything to "protect" **BLASDELL**.

2      17.    Shortly thereafter, without warning or reason, Lapere requested that Plaintiff turn in

3  a doctor's note for his surgery that was scheduled on April 13, 2012. Lapere said that Defendant

4  **GARCIA** demanded that Lapere find out why Plaintiff was having surgery. Lapere volunteered

5  that Defendant **GARCIA** doubted that Plaintiff's surgery was job related. Plaintiff reminded

6  Lapere that a supervisor should not ask an employee about their private medical details. Lapere

7  admitted that Defendant **GARCIA** had violated Defendant **CPFD**'s policies by asking Plaintiff for

8  private medical information.

9      18.    A couple of weeks after the above-described interaction with Lapere, on March 29,

10  2012, Plaintiff was in an assigned office of Defendant **CPFD**, where he discovered 4 CD'S

11  underneath a two tier letter file on his desk. Plaintiff tried to open the discs to see if the CD's

12  contained work related materials (i.e. sprinkler systems, building construction, etc.). However, he

13  could not open the discs so he brought them home to review. Plaintiff reviewed the first CD

14  which contained pictures of a new home being constructed. However, when he scrolled down the

15  page he discovered very disturbing images of what appeared to be child pornography. Plaintiff

16  opened the other CD's and found the same type of disturbing contents (referred to herein as "Child

17  Pornographic Materials"). He noticed that **BLASDELL** was pictured in multiple photos. Plaintiff

18  decided to take the Child Pornographic Materials to the City of Porterville Police Department the

19  next work day. Plaintiff did not trust Defendant **GARCIA** to investigate the Child Pornographic

20  Materials, as Defendant **GARCIA** had previously destroyed the Pornographic Email evidence that

21  Lapere turned in to him from **BLASDELL**. Defendant **GARCIA** did nothing to investigate the

22  Pornographic Email. Plaintiff was concerned that Defendant **GARCIA** would similarly destroy the

23  Child Pornographic Materials as he had shredded the Pornographic Email from **BLASDELL**.

24  Plaintiff believed that Defendant **GARCIA** would not properly investigate the Child Pornographic

25  Materials properly.

26      19.    Plaintiff and a coworker delivered the Child Pornographic Materials to Detective

27  Green ("Detective Green") at the City of Porterville Police Department. Detective Green assured

28  Plaintiff that he did the best thing by turning the discs to the Police Department.

20.     Plaintiff's actions in delivering the Child Pornographic Materials to the Porterville police led directly to an investigation by the U.S. Immigration and Customs Enforcement, which uncovered a nationwide crime ring (which included **BLASDELL**), which was responsible for distributing child pornography; and which also led to the arrests of many individuals for their roles in making and distributing the child pornography, and in the rescuing of several of the children whose images were being used.

21.     Plaintiff was informed by Lapere that Defendant **GARCIA** was very upset with him for turning the Child Pornographic Materials over to the Police Department.

22.     After Plaintiff delivered the Child Pornographic Materials to the police, Defendant **GARCIA** increased the frequency and intensity of the harassment against Plaintiff by engaging in behaviors which interfered with Plaintiff's ability to perform his job.

23.     Defendant **GARCIA** issued Plaintiff a written reprimand for insubordination based on the allegation that **TILLERY** did not give Lapere a doctor's note for a pre-scheduled surgery even though **TILLERY**'s wife had complied with the request by delivering the note from his physician to Human Resources.

24.     Neither Defendant **GARCIA** nor Defendant **LOLLIS** informed Plaintiff when **BLASDELL** was being released on bail from jail, before he was held over, even though there was a restraining order issued to protect other **CITY** employees.  Neither Defendant **GARCIA** nor Defendant **LOLLIS** added **TILLERY** to those protected by the restraining order even though **TILLERY** was the person who gave the Child Pornographic Materials to the Police Department to be investigated.  **TILLERY** was extremely worried that **BLASDELL** would try to hurt him or his family.  Defendant **GARCIA** withheld important information from Plaintiff as well as put his family in danger.

25.     On May 1, 2012, Defendant **GARCIA** ordered Lapere to inform Plaintiff that he was no longer to conduct numerous routine duties: Fire Prevention, Fire Inspections at Day Cares, Hood & Duct Pipe Inspections, and Business License Inspections.  In addition, on July 1, 2012, Defendant **GARCIA** told Lapere to inform Plaintiff he could no longer conduct Code Enforcement or weed abatement duties.

-6-

26.   In May, 2012, **TILLERY** complained to the **CITY** about Defendant **GARCIA** for creating a hostile work environment and retaliation.  Defendant **LOLLIS**, as **GARCIA's** supervisor, did nothing about those complaints, thereby ratifying **GARCIA's** abusive behavior.

27.   After **TILLERY** complained about Defendant **GARCIA** in May, 2012, Defendant **GARCIA** continued to harass and retaliate against **TILLERY**, and he was subjected to even further adverse employment actions.  Defendant **LOLLIS** did nothing to prevent the harassment and retaliation.

28.   In October, 2012, Defendants initiated a personnel investigation against **TILLERY**.  Defendant **GARCIA** placed **TILLERY** on an administrative leave to investigate the issuance of CPR Cards, issued by **TILLERY**, allegedly in violation of American Safety & Health Institute ("ASHI") Rules.  The investigation into the CPR cards was another action in retaliation for Plaintiff's prior reporting of the Child Pornographic Materials as **TILLERY's** issuance of CPR cards had never previously been questioned.

29.   At the same time that Defendant **GARCIA** placed **TILLERY** on administrative leave, he ordered **TILLERY** to suspend any outside employment while the Defendant **CPFD** conducted an investigation.

30.   With the further intent to injure Plaintiff, Defendant **CPFD** took over 106 days to investigate the simple matter of the CPR cards.  During that time, FEMA contacted Plaintiff several times to work on the East Coast of the United States to help the victims of Hurricane Sandy.  **TILLERY** had assisted FEMA several times in the past with aiding in disasters. **TILLERY** requested permission from **CPFD** and Defendant **GARCIA** and Defendant **IRISH** to assist FEMA, and his requests were denied.  Since Defendants **GARCIA**, **IRISH** and **CPFD** ordered **TILLERY** to suspend all outside employment, he was unable to respond to FEMA's call for life saving help.  As a further result, Plaintiff lost income and FEMA and those it was aiding lost Plaintiff's valuable assistance.

31.   While on administrative leave, Plaintiff was unable to teach a class at the high school.  Plaintiff had, with the **CITY** and **CPFD's** knowledge, approval and support, taught one class at the local high school.  Defendant **IRISH** would not allow Plaintiff to continue teaching,

1 | causing Plaintiff to lose income and the high school lost a valuable teacher.

2 |     32.    Plaintiff complied with the **CPFD** investigation of the CPR Cards.  Plaintiff had
3 | issued twenty Standard cards bearing the year 2005 because he did not have the year 2010 cards
4 | yet.  Each CPR class participant had successfully completed the class.  Plaintiff issued the
5 | temporary older cards as he did not have the updated cards yet.  Plaintiff was unaware at the time
6 | that doing so was in violation of any rules.

7 |     33.    After issuing the 2005 cards, Plaintiff researched the regulations and realized that
8 | he was unknowingly in violation.  On October 22, 2012, Plaintiff wrote ASHI to inform them that
9 | he had unknowingly made the mistake issuing the old cards and ensured them he would not make
10 | that mistake again.

11 |     34.    On February 12, 2013, Defendant **IRISH** issued Plaintiff a Notice of Intended
12 | Disciplinary Action.

13 |     35.    On March 4, 2013, Defendant **IRISH** issued Plaintiff a Notice of Determination
14 | that he was being terminated as of the very same date.  However, the truth is that in reporting and
15 | turning over the Children's Pornographic Materials to the Police Department, Plaintiff did what he
16 | was morally, ethically and legally required to do.  Public policy also dictates that Plaintiff report
17 | such misconduct to the police to investigate.  Plaintiff is informed and believes and based thereon
18 | alleges that the termination was approved in advance by Defendant **LOLLIS**.  California Labor
19 | Code Section 1102.5(b) strictly prohibits retaliation against an employee who reports such actions.

20 |     36.    Plaintiff is informed and believes and based thereon alleges that the filing of
21 | administrative charges against **TILLERY** by **IRISH** was done in order to attempt to discredit
22 | **TILLERY**'s testimony in the criminal matter against **BLASDELL**.

23 |     37.    On Friday, April 12, 2013, **TILLERY** was served with a subpoena to testify in
24 | **BLASDELL'S** preliminary hearing in, in which **BLASDELL** was charged with a violation of
25 | California Penal Code §311.11(a), possession of child pornography.  **TILLERY** complied with the
26 | subpoena and testified.  **BLASDELL** was held over for trial.

27 |     38.    On September 17, 2013, **BLASDELL** pleaded guilty to one felony count of
28 | violating Penal Code § 311.11(a).

39.     As a result of the above-described administrative actions, and the termination from employment, Plaintiff has lost and will continue to lose salary and other employment-related benefits including but not limited to bonuses, overtime pay, retirement and insurance benefits in an amount to be proven; has lost other employment which he could only have if he were employed by the CPFD; and has incurred attorneys fees, all to his damage in excess of the minimum jurisdiction of this court, the precise amount to be proved at the time of trial. The full amount of these expenses is not known to Plaintiff. Plaintiff will seek to amend this complaint as such time as the amount is ascertained, or according to proof.

40.     As a further result of the administrative actions, and the termination from employment, as described above, Plaintiff has suffered, and continues to suffer, emotional distress and psychological injures.

41.     On or before May 30, 2013 Plaintiff filed a formal Charge of Discrimination with the California Department of Fair Employment and Housing, naming the City of Porterville, the City of Porterville Fire Department, City of Porterville Fire Chief Mario GARCIA, City of Porterville Fire Chief Glenn IRISH, for their actions described above.

42.     On May 29, 2013, Plaintiff was given a Notice To Complainant/Notice of Case Closure/Right To Sue Letter, entitling him to file a lawsuit in Superior Court.  Accordingly, Plaintiff has exhausted his administrative remedies with the DFEH.

## FIRST CAUSE OF ACTION

## WHISTEBLOWER RETALIATION

## CALIFORNIA LABOR CODE SECTION 1102.5 (b)

## AGAINST ALL DEFENDANTS

43.     Plaintiff incorporates each of the preceding paragraphs as though fully set forth at this point.

44.     Under California Labor Code section 1102.5(b), no employer shall retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation. Plaintiff's delivery

1     to the Porterville Police Department of the Child Pornography Materials he found in the Fire

2     Department Office was motivated by his reasonable belief that the information disclosed a

3     violation of state and federal statutes prohibiting the depiction of minors in pornography.

4         45.     Defendants and each of them failed to develop and implement policies and

5     procedures for prompt and proper investigation of allegations of retaliation against an officer for

6     disclosing information to a government or law enforcement agency, where the officer has

7     reasonable cause to believe that the information discloses a violation of state or federal statute, or

8     violation or noncompliance with a state or federal regulation.

9         46.     In subjecting Plaintiff to the harassment, administrative actions and termination

10    described above and in other respects presently unknown to Plaintiff, Defendants and each of them

11    willfully, knowingly and intentionally retaliated against Plaintiff for disclosing information to a

12    government or law enforcement agency, where Plaintiff had reasonable cause to believe that the

13    information discloses a violation of state or federal statute, or violation or noncompliance with a

14    state or federal regulation.

15        47.     As a result of each and every Defendants' retaliation against Plaintiff because of his

16    disclosing of information to a government or law enforcement agency, where Plaintiff had

17    reasonable cause to believe that the information discloses a violation of state or federal statute, or

18    violation or noncompliance with a state or federal regulation, in violation of California Labor

19    Code section 1102.5(b), Plaintiff has suffered the economic and non-economic damages as set

20    forth in the preceding paragraphs.

21                        **SECOND CAUSE OF ACTION**

22     **EMPLOYMENT DISCRIMINATION - HOSTILE WORK ENVIRONMENT - SEX**

23               **CALIFORNIA GOVERNMENT CODE § 12940(j)**

24     **AGAINST DEFENDANTS GARCIA, CITY OF PORTERVILLE AND DOES 1-10**

25        48.     Plaintiff incorporates each of the preceding paragraphs as though fully set forth at

26    this point.

27        49.     Defendants **GARCIA** and **IRISH** are personally liable for harassment within the

28    meaning of California Government Code § 12940(j)(3).

50.   During his employment with the City of Porterville and Defendant **CPFD**, Plaintiff was subjected to materials which he considered harassing on the basis of sex, including but not limited to the Pornographic Email and the Child Pornography Materials described in the preceding paragraph. In addition, the ostracism, harassment and other acts taken against Plaintiff by Defendant **GARCIA**, and others, described above, added to the hostile environment.

51.   In doing the acts described above, and in failing to prohibit harassment, and in failing to properly investigate Plaintiff's complaints, as set forth above, Defendants **GARCIA**, City of Porterville and Does 1 - 10 have created and allowed to exist a hostile work environment, a form of harassment, for Plaintiff, in violation of California Government Code § 12940(j). For purposes of this cause of action, Plaintiff realleges the economic and non-economic damages set forth in the preceding paragraphs, and those losses are alleged to be as a result of the retaliation set forth in this cause of action.

### THIRD CAUSE OF ACTION

### EMPLOYMENT DISCRIMINATION ~ RETALIATION

### CALIFORNIA GOVERNMENT CODE § 12940(h)

### AGAINST DEFENDANTS CITY OF PORTERVILLE AND DOES 1-20

52.   Plaintiff incorporates each of the preceding paragraphs as though fully set forth at this point.

53.   In doing the acts described above, including but not limited to harassing Plaintiff, taking administrative actions including termination, and by denying Plaintiff the ability to work for other employers, in failing to prohibit harassment, and in failing to properly investigate Plaintiff's complaints, as set forth above, Defendants City of Porterville and Does 1 - 10 have created and allowed to exist a hostile work environment, a form of harassment, for Plaintiff, in violation of California Government Code § 12940(h).

54.   For purposes of this cause of action, Plaintiff realleges the economic and non-economic damages set forth in the preceding paragraphs, and those losses are alleged to be as a result of the creation of the hostile work environment set forth in this cause of action.

### FURTHER ALLEGATIONS AS TO ALL CAUSES OF ACTION

-11-

55.   As a proximate result of the acts of Defendant as alleged above, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which have caused, and continue to cause, Plaintiff loss of earnings and earning capacity, and other economic losses, as well as great mental, physical and nervous pain and suffering.

56.   As a further proximate result of the acts of Defendants as set forth above, Plaintiff expects to incur, and will continue to incur, medical and related expenses. The full amount of these expenses is not known to Plaintiff. Plaintiff will seek to amend this complaint as such time as the amount is ascertained, or according to proof.

57.   As a further proximate result of the acts of Defendants as set forth above, Plaintiff has suffered, and will continue to suffer, emotional distress, for which he expects to seek professional treatment. Plaintiff will seek to amend this complaint at the time when the value of such emotional distress, and associated economic costs, are ascertained, or according to proof.

WHEREFORE, PLAINTIFF seeks judgement against Defendant as follows:

1.   For compensatory and general damages according to proof;

2.   For medical and related expenses according to proof;

3.   For lost earnings, past and future, according to proof;

4.   For interest as allowed by law;

5.   For costs of suit incurred herein, including expert witness fees;

6.   For attorneys' fees as allowed by law, including but not limited to California Government Code § 12965(b);

7.   For such other and further relief that the Court may deem just and proper.

Dated: May 27, 2014            Respectfully submitted,

DUCHROW & PIANO, LLP
THE DIAZ LAW FIRM

By_____
Kirby F. Cafion, Attorneys for
Plaintiff, CLYDE TILLERY

-12-

1

**DEMAND FOR JURY TRIAL**

2    Plaintiff respectfully requests a jury trial for all causes of action.

3    Dated: May 27, 2014                      Respectfully submitted,

4                                             DUCHROW & PIANO, LLP
                                             THE DIAZ LAW FIRM
5

6                                     By:
                                          _____
7                                          Kirby F. Cañon, Attorneys for
                                           Plaintiff, CLYDE TILLERY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

COMPLAINT; DEMAND FOR JURY TRIAL



# Superior Court of the State of California

### COUNTY OF TULARE
CIVIL LEGAL PROCESSING
221 S. Mooney Blvd., Room 201
Visalia, California 93291
Telephone: (559) 730-5000

## ALTERNATIVE DISPUTE RESOLUTION PACKAGE

This is Tulare County Superior Court's Alternative Dispute Resolution (ADR) Package. The package contains:

  1. The court's current ADR Referral List;

  2. Tulare County Superior Court's Local Rule 600 on Case Management Conferences;

  3. Information about ADR.

At the time a civil complaint is filed, the clerk will issue a hearing date and time for the Case Management Conference (CMC). This information is placed on the front page of the complaint. Plaintiff must serve notice of the CMC hearing and this ADR Package on each defendant with the summons and complaint.

**All parties appearing in the action are ordered to meet and confer prior to the CMC date regarding an agreed upon mediator and mediation date and time under Local Rule 600(a)(5).**

Each party must file and serve a CMC statement on Judicial Council form CM-110 no later than 15 calendar days before the CMC hearing under California Rules of Court, rule 3.725 and Local Rule 600(a)(6).

Counsel and unrepresented parties are required to be present, either in person or by CourtCall (See Local Rule 108 regarding CourtCall), at the CMC hearing and have authority to enter into a mediation agreement if the parties have agreed to mediate. Each party appearing shall also have sufficient information and understanding of the case in order to evaluate it accurately.

**Please be advised that monetary and/or terminating sanctions shall be imposed against parties and counsel who fail to comply with state and local rules regarding case management conferences without good cause.**

| ADR REFERRAL LIST<br>January 2014 | | |
|---|---|---|
| **NAME** | **HOURLY RATE** | **PROFILE INFORMATION** |
| Honorable Howard R. Broadman (Ret.)<br>300 N. Willis<br>Visalia, CA. 93291<br>Phone: (559) 738-1800<br>Fax: (559) 738-1102<br>Email: judgebroadman@aol.com | $400. per hour | Click Here<br><br>Resume on file |
| Kenneth M. Byrum<br>5080 California Ave #200<br>Bakersfield, CA 93309<br>Phone: (661) 861-6191<br>Fax: (661) 861-6190<br>Email: ken@kmbmediation.com | $300.00 per hour | Click Here<br><br>Resume on file |
| Russell D. Cook<br>1233 West Shaw, Suite 100<br>Fresno, CA 93711<br>Phone: (559) 225-2510<br>Fax: (559) 229-3941<br>Email: rdcook@rdcooklaw.com | $285.00 per hour | Click Here<br><br>Resume on file |
| Donald H. Glasrud<br>Dietrich, Glasrud, Mallek & Anne<br>5250 North Palm Ave, Suite 402<br>Fresno, CA 93704<br>Phone: (559) 435-5250<br>Fax: (559) 435-8776<br>Email: dhg@dgmalaw.com | $375.00 per hour | Click Here<br><br>Resume on file |
| Lee M. Jacobson<br>1690 W. Shaw Avenue, Suite 201<br>Fresno, CA 93711<br>Phone: (559) 448-0400<br>Fax: (559) 448-0123<br>Email: lmj@jhnmlaw.com | $290.00 per hour | Click Here<br><br>Resume on file |
| Daniel O. Jamison<br>8080 North Palm Avenue<br>Fresno, CA 93711<br>Phone: (559)432-4500<br>Fax: (559)432-4590<br>Email: djamison@daklaw.com | $320 per hour<br>including travel time | Click Here<br><br>Resume on file |
| | | |

| | | |
|---|---|---|
| Honorable Patrick J. O'Hara (Ret.)<br>300 N. Willis<br>Visalia, CA. 93291<br>Phone: (559) 429-4570<br>Fax: (559) 429-4575<br>Email: judgeohara@judgeohara.com | $320.00 per hour | Click Here<br><br>Resume on file |
| Richard B. Isham<br>3814 W. Robinwood<br>P.O. Box 8139<br>Visalia, CA. 93290<br>Phone: (559) 733-2257<br>Cell: (559)738-3963<br>Email: rbisham@att.net | $300.00 per hour | Click Here<br><br>Resume on file |
| Leah Catherine Launey<br>42490 Kaweah River Drive<br>Three Rivers, CA 93271<br>Phone: (559) 561-4270<br>Fax: (559) 561-4273<br>Email: lclauney@lanneymediation.com | $175.00 per hour<br>2 hour minimum | Click Here<br><br>Resume on file |
| Kevin G.Little<br>1099 E. Champlain Drive, Suite A-124<br>Fresno, CA 93720<br>Phone: (559)708-4750<br>Fax: (559)420-0830<br>Email: kevinglittle@yahoo.com | $200.00 per hour<br>2 hour minimum | Click Here<br><br>Resume on file |
| Linda Luke<br>632 W. Oak Avenue<br>Visalia, CA. 93291<br>Phone: (559) 733-9505<br>Fax: (559) 733-3910<br>Email: linda.luke@icloud.com | $275.00 per hour | Click Here<br><br>Resume on file |
| John T. Nagel<br>1233 W. Shaw Avenue, #100<br>Fresno, CA 93711<br>Phone: (559)225-2510<br>Fax: (559) 225-2389<br>Email: johntnagel@comcast.net | $245.00 per hour | Click Here<br><br>Resume on file |
| Douglas E. Noll<br>P.O. Box 2336<br>Clovis, CA. 93613<br>Phone: 800-785-4487<br>Fax: 877-765-1353<br>Email: doug@nollassociates.com | $400 per hour<br>4 hour minimum | Click Here<br><br>Resume on file |

Page 3 of 7

| | | |
|---|---|---|
| James M. Phillips<br>8080 N. Palm Ave, Suite 101<br>Fresno, CA 93711<br>Phone: (559) 261-9340<br>Fax: (888) 974-4321<br>Email: phillipsgp@aol.com | $340.00 per hour | Click Here<br><br>Resume on file |
| Michael Renberg<br>1540 E. Shaw Ave, Suite 123<br>Fresno, CA 93710<br>Phone: (559) 431-6300<br>Fax: (559) 432-1018<br>Email: mrenberg@prcelaw.com | $240.00 per hour | Click Here<br><br>Resume on file |
| Laurie Quigley Saldana<br>897 Oak Park Blvd., Suite 270<br>Pismo Beach, CA. 93449<br>Phone: (559) 730-1812<br>Email: laurie@mediationcentral.net | $300.00 per hour | Click Here<br><br>Resume on file |
| Tom Simonian<br>1100 W. Center Ave<br>Visalia, CA. 93291<br>Phone: (559) 732-7111<br>Fax: (559)732-1540 | $290.00 per hour | Click Here<br><br>Resume on file |

## CHAPTER 6 – MANAGING CIVIL CASES

Rule 600 – Case Management Conference

(a) The Judicial Council has implemented state rules for the management of civil cases (Cal. Rules of Court, Chapter 2 Trial Court Management of Civil Cases, rules 10.900, et. Seq.).

In recognition of the state rules requiring the court to implement a case management Plan, the court elects to follow California Rules of Court, rule 3.714.

(1) At the time the complaint is filed, the clerk will issue a hearing date for the Case Management Conference (CMC) to plaintiff that is no less than 120 days after the filing of the complaint. The clerk will also provide the Plaintiff with the court's Alternative Dispute Resolution (ADR) package including the list of the names of the mediators who have applied and met the court's mediation/arbitration qualifications pursuant to the program adopted by the court under California Rules of Court, rule 10.781. Plaintiff must serve a Notice of CMC and the ADR package on each defendant along with the summons and complaint.

(2) Any party who files and serves a cross-complaint prior to the CMC must serve on each cross-defendant who is a new party to the action, a copy of the Notice of CMC and the ADR package along with the summons and cross-complaint. If a new cross-

defendant is served after the initial CMC, the cross-complainant must serve the new cross-defendant with notice of any pending CMC, any assigned mediation date, trial, or settlement conference dates, and any other dates set by the court or orders made at the CMC.

(3) If the plaintiff adds a new defendant or identifies a fictitiously named defendant after the initial CMC, along with the summons and complaint, plaintiff must serve the newly named defendant with notice of any pending CMC, any pending mediation date, any assigned trial and settlement conference dates, and any other dates set by the court or orders made at the CMC.

(4) Proof of service of Notice of the CMC must be filed with the court within 60 days from the date the complaint is filed and may be included in the proof of service of the summons and complaint or cross-complaint.

(5) This court has found that mediation is highly desirable and orders the parties to meet and confer prior to the CMC date regarding an agreed upon mediator and mediation date and time. A list of mediators and their fees are provided by the court in its ADR package. The mediator must be agreed upon before the CMC and the mediation date and time cleared with the mediator so the court may enter the date in the court's minute order.

(6) Under California Rules of Court, rule 3.725, no later than 15 calendar days before the date set for the CMC, each party must file a CMC statement and serve it on all other parties in the case. Parties must use the mandatory CMC Statement (Judicial Council form CM-110). All applicable items on the form must be completed.

(7) In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

(b) Presence Required – Counsel and unrepresented parties are required to be present, either in person or by telephonic appearance pursuant to The Superior Court of Tulare County, Local Rules, rule 108, and must have: (1) sufficient information and understanding of the case to evaluate it accurately, and (2) sufficient authority to enter into binding agreements such as the diversion of the case to arbitration, including binding arbitration, the setting of a trial date and mandatory settlement conference date, the dismissal of doe defendants or other parties, and the setting of a further case management conference.

(c) Compliance – Failure to attend the case management conference will result in the court making whatever orders and imposing whatever sanctions as may be necessary and appropriate to obtain compliance with these rules, including but not limited to, a waiver of the right to a jury trial and a waiver of the right to object to a referral to arbitration or other alternate dispute resolution procedure.

(d) Waiver of Notice – When all parties are present at the case management conference and a trial date and settlement conference dates are agreed to by the parties or ordered by the court, such presence is an effective waiver of a separate or formal notice of settlement conference and trial date. (01/01/03) (Revised 01/01/07, 01/01/09) (07/01/11)

## Alternative Dispute Resolution

There are different processes available to settle lawsuits without having to go to trial.  The most common forms of ADR are Mediation, Arbitration, and Case Evaluation.  In ADR, a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves.  The persons are neutrals who are normally chosen by the disputing parties or by the court.  Neutrals can help parties resolve disputes without having to go to court.

### Advantages of ADR

- Often quicker than going to trial, a dispute may be resolved in a matter of days or weeks instead of months or years.

- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.

- Can permit more participation, allowing the parties the opportunity to tell their side of the story with more control over the outcome.

- Allows for flexibility in choice of ADR processes and resolution of the dispute.

- Fosters cooperation by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.

- Often less stressful than litigation.  Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit.  Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly.  ADR has been used to resolve disputes even after trial, when the result is appealed.

### Disadvantages of ADR

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.  The neutral may charge a fee for his or her services.  If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.

Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process.

## The Most Common Types of ADR

### Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation normally leads to better relations between the parties and to lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to freely express their positions. Mediation can be successful for victims seeking restitution from offenders. When there has been violence between the parties, a mediator can meet separately with the parties.

### Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their won resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

## There are Two Types of Arbitration in California

1. **Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable result at trial, the party may have to pay a penalty.

1  **DUCHROW & PIANO, LLP**
   David J. Duchrow, C.S.B. No. 105617
2  Jill A. Piano C.S.B. No. 193930
   501 Santa Monica Boulevard, Suite 505
3  Santa Monica, California 90401-2443
   Telephone (310) 395-5511
4  Facsimile (310) 395-6677

5  **THE DIAZ LAW FIRM**
   Maria G. Diaz, C.S.B. No. 220087
6  Kirby Fernando Cañon, C.S.B. No. 276414
   7045 N. Maple Ave. Suite 107
7  Fresno, California 93720
   Telephone Number:  (559) 321-8880
8  Fax Number: (559) 321-8878

9  Attorneys for Plaintiff, CLYDE TILLERY

10

11          SUPERIOR COURT, STATE OF CALIFORNIA, COUNTY OF TULARE

12                          COUNTY CIVIC CENTER

13                      221 SOUTH MOONEY BOULEVARD

14                      VISALIA, CALIFORNIA 93291

15  CLYDE TILLERY, an individual,        )   CASE NO:
                                         )
16              Plaintiff,               )
                                         )
17      vs.                              )   **NOTICE OF DEPOSIT OF JURY FEES**
                                         )   **BY PLAINTIFF, CLYDE TILLERY**
18  JOHN D. LOLLIS, in his official capacity; )
    CITY OF PORTERVILLE, a public entity; )
19  CITY OF PORTERVILLE FIRE             )
    DEPARTMENT; a public entity, MARIO   )
20  GARCIA; an individual; GLENN IRISH, an )
    individual; Does 1-20,               )   Complaint Filed: May 28, 2014
21                                       )
                Defendants               )
22                                       )

23

24      **TO THE DEFENDANTS AND THEIR ATTORNEYS OF RECORD,**

25  please take notice that on May 28, 2014, the Plaintiff, Clyde Tillery, deposited jury fees

26  with the filing of her complaint in the sum of $150.00 according to Cal. Code of Civ. Pro. §631(b).

27

28

                                    -1-

                  **NOTICE OF DEPOSIT OF JURY FEES**

1    Dated: May 28, 2014

2                                   DUCHROW & PIANO, LLP
                                    THE DIAZ LAW FIRM
3
                                    By_____
4                                      Kirby F. Cañon, Attorneys for
                                       Plaintiff, CLYDE TILLERY
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     -2-

Exhibit B

1  Jesse J. Maddox, Bar No. 219091
   jmaddox@lcwlegal.com
2  Che I. Johnson, Bar No. 252112
   cjohnson@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  5250 North Palm Ave, Suite 310
   Fresno, California 93704
5  Telephone:    559.256.7800
   Facsimile:    559.449.4535
6
   Attorneys for Defendants JOHN D. LOLLIS, CITY OF
7  PORTERVILLE, CITY OF PORTERVILLE FIRE
   DEPARTMENT, MARIO GARCIA, and GLENN IRISH
8

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

AUG  0 1  2014

LARAYNE CLEEK, CLERK
BY: Sharon K. Baker

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF TULARE

11

   CLYDE TILLERY, an individual,          Case No.: 256467
12
                    Plaintiff,            **DEFENDANTS' NOTICE OF DEMURRER
13                                        AND DEMURRER TO PLAINTIFF'S
        v.                                COMPLAINT**
14
   JOHN D. LOLLIS, in his official        Date:       October 27, 2014
15 capacity; CITY OF PORTERVILLE, a       Time:       8:30 a.m.
   public entity; CITY OF PORTERVILLE     Dept.:      1
16 FIRE DEPARTMENT, a public entity;
   MARIO GARCIA, an individual;
17 GLENN IRISH, an individual; Does 1-     **(*Exempt from filing fees pursuant to Gov.
   20,                                    Code, § 6103.)**
18
                    Defendants.
19

20      TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

21      PLEASE TAKE NOTICE that on October 27, 2014, at 8:30 a.m. or as soon thereafter as

22 the matter may be heard, in Department 1 of the above-entitled court, located at 221 South

23 Mooney Boulevard, Visalia, California, Defendants City of Porterville, City of Porterville Fire

24 Department, John D. Lollis, Mario Garcia, Glenn Irish, and Does 1-20 (collectively

25 "Defendants"), will and do hereby demur to the Complaint of Plaintiff Clyde Tillery.

26      Defendants demur to the Complaint on the grounds set forth in the attached demurrer,

27 which is incorporated herein by reference.

28      Defendants base this demurrer on this notice of demurrer and demurrer; the memorandum

83701.3 PO090-018

DEFENDANTS' DEMURER TO PLAINTIFF'S COMPLAINT

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1  of points and authorities; all pleadings, papers, and records on file herein; and any such further

2  matters or evidence that may be presented at or before the hearing on this demurrer.

3

4  Dated: July 31, 2014                    LIEBERT CASSIDY WHITMORE

5

6

7  By: _____

   Jesse J. Maddox

8  Che I. Johnson

   Attorneys for Defendants JOHN D.

9  LOLLIS, CITY OF PORTERVILLE,

   CITY OF PORTERVILLE FIRE

10  DEPARTMENT, MARIO GARCIA,

   and GLENN IRISH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

83701.3 PO090-018                    2

1

## DEMURRER

2

### DEMURRER TO FIRST CAUSE OF ACTION

3

#### (Whistleblower Retaliation (Lab. Code, § 1102.5))

4     1.    The First Cause of Action fails as a matter of law because Plaintiff has failed to

5 allege that he filed a claim for damages under California's Government Tort Claims Act (Gov.

6 Code, §§ 900 et seq.) before filing this lawsuit. (Code Civ. Proc., § 430.10(e).)

7

### DEMURRER TO SECOND CAUSE OF ACTION

8

#### (Hostile Work Environment Sexual Harassment (Gov. Code, § 12940))

9     1.    The Second Cause of Action fails as a matter of law because it does not state facts

10 sufficient to constitute a cause of action for Hostile Work Environment sexual harassment under

11 Government Code section 12940, subdivision (j). (Code Civ. Proc., § 430.10(e).)

12     2.    The Second Cause also fails as a matter of law because Plaintiff has failed to

13 allege sufficient facts to establish that he has exhausted his administrative remedies under the Fair

14 Employment and Housing Act. (Code Civ. Proc., § 430.10(e).)

15

### DEMURRER TO THIRD CAUSE OF ACTION

16

#### (Retaliation (Gov. Code, § 12940))

17     1.    The Third Cause of Action for Retaliation under Government Code section 12940

18 fails as a matter of law because Plaintiff has failed to allege sufficient facts to establish that he has

19 exhausted his administrative remedies under the Fair Employment and Housing Act. (Code Civ.

20 Proc., § 430.10(e).)

21

22 Dated: July 31, 2014                     LIEBERT CASSIDY WHITMORE

23

24

25                              By: _____

                                   Jesse J. Maddox

26                                    Che I. Johnson

                                   Attorneys for Defendants JOHN D.

27                                    LOLLIS, CITY OF PORTERVILLE,

                                   CITY OF PORTERVILLE FIRE

28                                    DEPARTMENT, MARIO GARCIA,

                                   and GLENN IRISH

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

83701.3 PO090-018                 3

1

## PROOF OF SERVICE

2

### STATE OF CALIFORNIA, COUNTY OF FRESNO

3    I am employed in the County of Fresno, State of California.  I am over the age of 18 and

4    not a party to the within action; my business address is: **5250 North Palm Ave, Suite 310,**

5    **Fresno, California 93704.**

6    On July 31, 2014, I served the foregoing document(s) described as **DEFENDANTS'**

7    **NOTICE OF DEMURRER AND DEMURER TO PLAINTIFF'S COMPLAINT** in the

8    manner checked below on all interested parties in this action addressed as follows:

9    David J. Duchrow                          Ms. Maria G. Diaz
     Jill A. Plano                            Kirby Fernando Canon
10   Duchrow & Plano, LLP                      The Diaz Law Firm
     501 Santa Monica Blvd., #404             7045 N. Maple Ave., #107
11   Santa Monica, CA 90401-2443              Fresno, CA 93720

12

13   ☑    **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and
          processing correspondence for mailing.  Under that practice it would be deposited with
14        the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno,
          California, in the ordinary course of business.  I am aware that on motion of the party
15        served, service is presumed invalid if postal cancellation date or postage meter date is
          more than one day after date of deposit for mailing in affidavit.

16

17   ☐    **(BY FACSIMILE)** I am personally and readily familiar with the business practice of
          Liebert Cassidy Whitmore for collection and processing of document(s) to be
18        transmitted by facsimile.  I arranged for the above-entitled document(s) to be sent by
          facsimile from facsimile number 559.449.4535 to the facsimile number(s) listed above.
19        The facsimile machine I used complied with the applicable rules of court. Pursuant to
          the applicable rules, I caused the machine to print a transmission record of the
20        transmission, to the above facsimile number(s) and no error was reported by the
          machine.  A copy of this transmission is attached hereto.

21   Executed on **July 31, 2014,** at Fresno, California.

22   I declare under penalty of perjury under the laws of the State of California that the

23   foregoing is true and correct.

24                                         Susan L. Pugh

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

AUG 01 2014

LARAYNE CLEEK, CLERK

BY~~Sharon K. Baker~~

1 | Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
2 | Che I. Johnson, Bar No. 252112
cjohnson@lcwlegal.com
3 | LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
4 | 5250 North Palm Ave, Suite 310
Fresno, California 93704
5 | Telephone:    559.256.7800
Facsimile:    559.449.4535
6
Attorneys for Defendants JOHN D. LOLLIS, CITY OF
7 | PORTERVILLE FIRE DEPARTMENT, MARIO GARCIA, and
GLENN IRISH
8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                                COUNTY OF TULARE

11

12 | CLYDE TILLERY, an individual,          Case No.: 256467

Plaintiff,
13

14 |         v.                              DEFENDANTS' MEMORANDUM OF POINTS
                                           AND AUTHORITIES IN SUPPORT OF THEIR
15 | JOHN D. LOLLIS, in his official        DEMURRER TO PLAINTIFF'S COMPLAINT
capacity; CITY OF PORTERVILLE,
16 | a public entity; CITY OF               Date:        October 27, 2014
PORTERVILLE FIRE                      Time:        8:30 a.m.
17 | DEPARTMENT, a public entity;          Dept.:        1
MARIO GARCIA, an individual;
18 | GLENN IRISH, an individual; Does
1-20,
19
            Defendants.
20

21 | **I.    INTRODUCTION**

22          On or about April 3, 2012, it was reported to the City of Porterville ("City") that Plaintiff

23 | Clyde Tillery ("Plaintiff" or "Tillery") was in possession of compact disks which possibly

24 | contained child pornographic images. The City immediately contacted Tillery and confirmed that

25 | he had the compact disks at his home. The City then conducted an investigation into the matter.

26 | While the investigation was pending, in October of 2012, the City learned that Tillery had

27 | fabricated and issued fraudulent American Safety and Health Institute (ASHI) CPR certification

28 | cards, and that ASHI had revoked his ability to provide CPR certifications. Accordingly, on or

83702.3 PO090-018

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1    about March 4, 2013, Tillery was terminated due to his willful and intentional withholding of

2    evidence of child pornography, and his falsification and fabrication of CPR certificate cards.

3          Plaintiff now files this complaint against the City and John D. Lollis, Mario Garcia, and

4    Glenn Irish (collectively "Defendants"; individually by last names only). Plaintiff alleges three

5    causes of action in his Complaint as follows: (1) violation of Labor Code Section 1102.5 against

6    all Defendants; (2) violation of Government Code section 12940(j) Hostile Work Environment

7    based on sex against defendants Garcia and City of Porterville; and (3) violation of Government

8    Code Section 12940(h) retaliation against the City.

9          The City submits this demurrer to the Complaint on numerous grounds. First, as to the

10   first cause of action for violations of Labor Code Section 1102.5, Plaintiff failed to file a claim

11   under the Government Tort Claim.. Accordingly, this claim is barred. Second, regarding the

12   second and third causes of action, Plaintiff has failed to allege sufficient facts to establish that the

13   he has exhausted his administrative remedies under California's Fair Employment and Housing

14   Act ("FEHA"). Plaintiff's second cause of action is additionally deficient in that it fails to allege

15   facts that demonstrate a hostile work place based on his sex.

16         Accordingly, and as set forth more fully below, the Court should sustain this Demurrer

17   without leave to amend as to Plaintiff's first through third causes of action.

18   **II.    FACTS ALLEGED IN THE COMPLAINT**

19         Plaintiff alleges that he was employed with the City's Fire Department before March 4,

20   2013. (Complaint ¶ 11.)

21         Plaintiff alleges that on or about March 7, 2012, he was cleaning out the file cabinets of

22   the retired Fire Chief Loran Blasdell ("Blasdell") and discovered an e-mail from Blasdell to

23   another male with a pornographic image on it. (Complaint ¶ 15.) Plaintiff does not allege that

24   the image contained any images of minors or individuals under the age of consent.

25         Plaintiff then alleges that on or about March 29, 2012, he discovered four (4) compact

26   disks which contained child pornographic material in the same office in which he discovered the

27   March 7, 2012 e-mail. (Complaint ¶ 18.) Plaintiff admits that he took the compact disks home

28   and did not immediately contact the police or the City when he discovered the disks contained

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

83702.3 PO090-018                                                          2

1   Jesse J. Maddox, Bar No. 219091
    jmaddox@lcwlegal.com
2   Che I. Johnson, Bar No. 252112
    cjohnson@lcwlegal.com
3   LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
4   5250 North Palm Ave, Suite 310
    Fresno, California 93704
5   Telephone:   559.256.7800
    Facsimile:   559.449.4535
6
    Attorneys for Defendants JOHN D. LOLLIS, CITY OF
7   PORTERVILLE FIRE DEPARTMENT, MARIO GARCIA, and
    GLENN IRISH
8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF TULARE

11
    CLYDE TILLERY, an individual,          Case No.: 256467
12
                  Plaintiff,
13
         v.                                DEFENDANTS' MEMORANDUM OF POINTS
14                                         AND AUTHORITIES IN SUPPORT OF THEIR
    JOHN D. LOLLIS, in his official        DEMURRER TO PLAINTIFF'S COMPLAINT
15  capacity; CITY OF PORTERVILLE,
    a public entity; CITY OF               Date:      October 27, 2014
16  PORTERVILLE FIRE                       Time:      8:30 a.m.
    DEPARTMENT, a public entity;           Dept.:     1
17  MARIO GARCIA, an individual;
    GLENN IRISH, an individual; Does
18  1-20,

19                Defendants.

20
    I.    INTRODUCTION
21
         On or about April 3, 2012, it was reported to the City of Porterville ("City") that Plaintiff
22
    Clyde Tillery ("Plaintiff" or "Tillery") was in possession of compact disks which possibly
23
    contained child pornographic images.  The City immediately contacted Tillery and confirmed that
24
    he had the compact disks at his home.  The City then conducted an investigation into the matter.
25
    While the investigation was pending, in October of 2012, the City learned that Tillery had
26
    fabricated and issued fraudulent American Safety and Health Institute (ASHI) CPR certification
27
    cards, and that ASHI had revoked his ability to provide CPR certifications.  Accordingly, on or
28
    83702.3 PO090-018

         DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR DEMURRER TO PLAINTIFF'S
                                              COMPLAINT

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1   about March 4, 2013, Tillery was terminated due to his willful and intentional withholding of

2   evidence of child pornography, and his falsification and fabrication of CPR certificate cards.

3       Plaintiff now files this complaint against the City and John D. Lollis, Mario Garcia, and

4   Glenn Irish (collectively "Defendants"; individually by last names only). Plaintiff alleges three

5   causes of action in his Complaint as follows: (1) violation of Labor Code Section 1102.5 against

6   all Defendants; (2) violation of Government Code section 12940(j) Hostile Work Environment

7   based on sex against defendants Garcia and City of Porterville; and (3) violation of Government

8   Code Section 12940(h) retaliation against the City.

9       The City submits this demurrer to the Complaint on numerous grounds. First, as to the

10  first cause of action for violations of Labor Code Section 1102.5, Plaintiff failed to file a claim

11  under the Government Tort Claim. Accordingly, this claim is barred. Second, regarding the

12  second and third causes of action, Plaintiff has failed to allege sufficient facts to establish that the

13  he has exhausted his administrative remedies under California's Fair Employment and Housing

14  Act ("FEHA"). Plaintiff's second cause of action is additionally deficient in that it fails to allege

15  facts that demonstrate a hostile work place based on his sex.

16      Accordingly, and as set forth more fully below, the Court should sustain this Demurrer

17  without leave to amend as to Plaintiff's first through third causes of action.

18  II.   FACTS ALLEGED IN THE COMPLAINT

19      Plaintiff alleges that he was employed with the City's Fire Department before March 4,

20  2013. (Complaint ¶ 11.)

21      Plaintiff alleges that on or about March 7, 2012, he was cleaning out the file cabinets of

22  the retired Fire Chief Loran Blasdell ("Blasdell") and discovered an e-mail from Blasdell to

23  another male with a pornographic image on it. (Complaint ¶ 15.) Plaintiff does not allege that

24  the image contained any images of minors or individuals under the age of consent.

25      Plaintiff then alleges that on or about March 29, 2012, he discovered four (4) compact

26  disks which contained child pornographic material in the same office in which he discovered the

27  March 7, 2012 e-mail. (Complaint ¶ 18.) Plaintiff admits that he took the compact disks home

28  and did not immediately contact the police or the City when he discovered the disks contained

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

83702.3 PO090-018                                                    2

1    images which could constitute child pornography.

2    In October of 2012, the City initiated a personnel investigation regarding allegations that
3    he had violated rules for the American Safety and Health Institute by fabricating and issuing false
4    CPR certification cards. (Complaint ¶ 28.)

5    On March 4, 2013, the City issued Plaintiff a Notice of Proposed Termination based on
6    his failure to timely report the compact disks discovered on March 29, 2012 and the report from
7    ASHI that he had falsified CPR certification cards. (Complaint ¶ 35.)

8    **III.   ARGUMENT**

9    **A.   LEGAL STANDARDS FOR DEMURRERS**

10    Code of Civil Procedure section 430.10, subdivision (e), permits a party to demur to a
11    pleading if the facts pled are insufficient to constitute a cause of action. A demurrer challenges
12    defects that appear on the face of the pleading under attack or defects that appear from matters
13    outside the pleading of which the court may take judicial notice. (Code of Civ. Proc. § 430.30;
14    Blank v. Kirwan (1985) 39 Cal.3d 311, 318.) In testing the sufficiency of the complaint, all
15    properly pled facts are deemed true. (*Balikov v. Southern California Gas Co.* (2001) 94
16    Cal.App.4th 816, 819.) A complaint must contain ultimate facts rather than evidentiary facts or
17    conclusions of law. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222
18    Cal.App.3d 1371, 1390 ["It is both improper and insufficient for a plaintiff to simply plead the
19    evidence by which he hopes to prove such ultimate facts."])

20    The plaintiff bears the burden of proving a reasonable possibility exists to cure any defect
21    in the complaint by amendment. (*Balikov, supra,* 94 Cal.App.4th at 819.) Where a plaintiff fails
22    to meet this burden, a demurrer should be sustained without leave to amend. (*Flying Dutchman*
23    *Park, Inc. v. City and County of San Francisco* (2001) 93 Cal.App.4th 1129, 1134.)

24    ///

25    ///

26    ///

27    ///

28    ///

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR DEMURRER TO PLAINTIFF'S
COMPLAINT

B.   PLAINTIFF'S FIRST CAUSE OF ACTION IS BARRED BY PLAINTIFF'S
     FAILURE TO ALLEGE HE COMPLIED WITH THE CALIFORNIA
     GOVERNMENT TORT CLAIMS ACT (GOV. CODE, § 900 ET SEQ.)

It is axiomatic that no suit for money or damages may be maintained against a governmental entity unless the claims presentation procedure set forth in the Government Tort Claims Act is timely complied with. (Gov. Code, §§ 905, 945.4, 912.4, 915.2(b); *Munoz v. State of California* (1995) 33 Cal.App.4th 767, 776.) In *Loehr v. Ventura Comm. College Dist.*, the court stated that the term "money or damages" is "comprehensive in scope and includes tort claims arising out of negligence, nuisance, breach of *statutory duties*, and intentional wrongs." (*See Loehr v. Ventura Comm. College Dist.* (1983) 147 Cal.App.3d 1071, 1079, emphasis added; *see also Jadwin v. County of Kern* (E.D. Cal. April 3, 2009) 2009 WL 926844 (Labor Code section 1102.5 allegations barred for failure to timely submit tort claim); *Ortiz v. Lopez* (E.D. Cal. 2010) 688 F.Supp.2d 1072, 1080 (filing a tort claim is a separate and distinct requirement from exhausting administrative remedies prior to bringing a claim pursuant to Labor Code section 1102.5).) Further, the claim presentation requirement applies to statutory whistleblower claims.[1] (*See Shoemaker v. Myers* (1992) 2 Cal.App.4th 1407, 1425-26.)

Importantly, California's Government Tort Claims Act sets forth two separate statutes of limitations – first, the Act requires the grievant to file a claim with the governmental entity "not later than six months after the accrual of the cause of action" (Gov. Code, § 911.2); second, the Act provides the time and conditions under which an aggrieved party must commence a lawsuit against the entity (Gov. Code, § 945.6). (*Chase v. State of California* (1977) 67 Cal.App.3d 808, 811-812.) The prescribed statutes of limitations for commencement of actions against the state "…are mandatory and must be strictly complied with …." (*Id.* [citing to *Chas. L. Harney, Inc. v. State of California* (1963) 217 Cal.App.2d 77, 90].) Plaintiff had six months to file his government claim with the City from the time the cause of action accrued and was then required to commence his lawsuit against the City within six months after the date the City delivered its

---

[1] See also *Konig v. State Bar of Cal.,* No. C04-2210 (September 16, 2004 2004 U.S. Dist. LEXIS 19498 (compliance with the Act was required for plaintiff's claim under Labor Code §

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR DEMURRER TO PLAINTIFF'S COMPLAINT

Lieber Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1  response to the government claim. (Gov. Code, § 911.2, subd. (a); Gov. Code, § 945.6, subd. (a).)

2    The Tort Claims Act requires, as a condition precedent to suit against a public entity, the

3  timely presentation of a written claim and the rejection of the claim in whole or in part. Failure to

4  timely present a claim for money or damages to a public entity bars a plaintiff from filing a

5  lawsuit against that entity. (*State v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1239.)

6  Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or

7  circumstances excusing compliance, or the complaint is subject to general demurrer. (*Id.*)

8    Here, the Complaint is entirely devoid of any allegations that Plaintiff complied with the

9  Government Tort Claims Act or timely filed this lawsuit for damages. Thus, the first cause of

10  action should be dismissed as a matter of law for failure to comply with the Act.

11    C.  **PLAINTIFF'S CAUSES OF ACTION FOR HOSTILE WORK**

12        **ENVIRONMENT AND RETALIATION UNDER GOVERNMENT CODE**

13        **SECTION 12940 ARE BARRED BY HIS FAILURE TO ADEQUATELY**

14        **ALLEGE HE HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES**

15    A plaintiff must satisfy the FEHA claim requirement prior to bringing a civil suit under

16  FEHA. (*Carter v. Smith Food King* (9th Cir. 1985) 765 F.2d 916, 921-22.) Here, Plaintiff must

17  exhaust his administrative remedies by filing a sufficient claim with the Department of Fair

18  Employment and Housing ("DFEH") before filing suit. (Id. at 922-24 [court remanded to

19  determine whether employee exhausted administrative remedy against individuals by failing to

20  name them in the FEHA claim].) The claim must generally describe his allegations. (*Cole v.*

21  *Antelope Valley Union High School Dist.* (1996) 47 Cal.App.4th 1505, 1515.) The purpose of the

22  claim is to provide information and encourage informal conciliation. (*Stache v. Intern'l Union of*

23  *Bricklayers and Allied Craftsmen, AFL-CIO* (9th Cir. 1988) 852 F.2d 1231, 1234.)

24    A DFEH claim must describe the unlawful conduct alleged and include "a description of

25  the alleged act or acts of discrimination, harassment or retaliation." (Cal. Code Regs., title 2, §

26  10002(a)(3).) Although charges must be liberally construed, where an administrative charge

27  neither identifies the defendant nor alleges "facts implying that the defendant discriminated, a

28  Title VII action against defendant is premature at best." (*Stache, supra,* 852 F.2d at 1234.) That

1  court noted that the same standard applies to FEHA causes of action. (*Id.*) To exhaust

2  administrative remedies "as to a particular act made unlawful by [FEHA], the claimant must

3  specify that act in the administrative complaint, even if the complaint does specify other

4  cognizable wrongful acts." (*Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th

5  1607, 1613 [emphasis in original].) A civil complaint must include the precise unlawful practices

6  and may also include claims that are "reasonably related to those identified in the administrative

7  complaint and that would necessarily be uncovered in the course of a DFEH investigation." (*Id.*

8  at 1617.) A plaintiff's failure to exhaust administrative remedies is fatal to his FEHA causes of

9  action. (*Id.* at 1610.)

10       Plaintiff alleges that he filed a charge with the DFEH and received a right to sue letter.

11  (Complaint, ¶¶ 41 and 42.) However, in order to properly exhaust his administrative remedy,

12  Plaintiff must demonstrate that he filed a DFEH claim that describes the facts underlying his

13  allegations of illegal conduct. In addition, the Complaint must be consistent with the facts and

14  legal theories described in the DFEH claim. Plaintiff has not alleged that he has exhausted his

15  administrative remedies by filing a sufficient DFEH claim, nor has Plaintiff attached his claim,

16  which would allow the Court to determine whether he has exhausted his remedy under the FEHA.

17  Accordingly, the Court should sustain the demurrer to the second and third causes of action

18  because Plaintiff has failed to allege that he has exhausted his administrative remedy.

19      **D.**    **PLAINTIFF'S SECOND CAUSE OF ACTION FOR HOSTILE WORK**

20              **ENVIRONMENT SEX HARASSMENT UNDER GOVERNMENT CODE**

21              **SECTION 12940 FAILS TO STATE SUFFICIENT FACTS**

22       Plaintiff's second cause of action is labeled "Employment Discrimination - Hostile Work

23  Environment – Sex". (See Complaint, p. 10, line 22). Despite the label, the subsequent allegations

24  clarify that the cause of action is for hostile work environment sex harassment, not

25  discrimination. (Complaint, ¶¶ 49-51.)

26       The general rule is that facts in support of each of the requirements of a statute upon

27  which a cause of action is based must be specifically pled. (*Fisher v. San Pedro Peninsula*

28  *Hospital* (1989) 214 Cal.App.3d 590, 604.) As a result, here, Plaintiff was required to plead the

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1   following elements for hostile work environment sexual harassment: (1) plaintiff belongs to a

2   protected group; (2) plaintiff was subject to unwelcome sexual harassment; (3) the harassment

3   complained of was based on sex; (4) the harassment complained of was sufficiently severe or

4   pervasive so as to alter the conditions of employment and create an abusive work environment;

5   and (5) respondeat superior. (*Id.* at pp. 608-609.) Plaintiff's Complaint is deficient in several

6   respects.

## 1.   There Are No Allegations That The Alleged Harassment Was Based On Plaintiff's Sex

9   Plaintiff's sexual harassment cause of action is based on: (1) him looking at a printed

10   email containing "pornographic material," which Plaintiff discovered on March 7, 2012, while

11   cleaning out a file cabinet in a former employee's office (Complaint ¶¶ 50, 15); (2) him studying

12   "what appeared to be child pornography" on a computer disk he found at work on March 29,

13   2012, but voluntarily took home to view (Complaint ¶¶ 50, 19); and (3) "ostracism, harassment

14   and other acts taken against [him] by Defendant Garcia, and others, described above" (Complaint

15   ¶ 50). The Complaint does not allege that any of the alleged harassment was based on his sex.

16   The "based on sex" element of a prima facie case of sexual harassment has been addressed

17   by the United States Supreme Court, in *Oncale v. Sundowner Offshore Services, Inc.* (1998) 523

18   U.S. 75, 80 [118 S.Ct. 998], and the California Supreme Court, in *Lyle v. Warner Bros. Television*

19   *Productions* (2006) 38 Cal.4th 264, 279-80. In Oncale, the high court stated, "workplace

20   harassment, even harassment between men and women, is [not] automatically discrimination

21   because of sex merely because the words used have sexual content or connotations." (*Ibid.*)

22   Rather, "[t]he critical issue is whether members of one sex are exposed to disadvantageous terms

23   or conditions of employment to which members of the other sex are not exposed." (*Ibid.* [internal

24   punctuation and citations omitted].) Accordingly, "[t]o plead a cause of action for hostile work

25   environment sexual harassment, it is only necessary to show that gender is a substantial factor in

26   the discrimination, and that if the plaintiff had been a [woman he] would not have been treated in

27   the same manner." (*Lyle, supra*, 38 Cal.4th 264, 280 [internal punctuation and citations omitted].)

28

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1   Plaintiff has not alleged City employees treated him differently because he is male. As for

2   the alleged "pornographic email," Plaintiff alleges he found it while cleaning out a file cabinet.

3   There are no allegations that anyone from the City gave it to him or made him look at it. There

4   are not even allegations that any then-current City employees knew it existed. Rather, Plaintiff

5   alleges it was from a *former* City employee.

6   The alleged disk containing "what appeared to be child pornography" similarly does not

7   constitute harassment based on sex. Plaintiff alleges he found it on a desk and could not even

8   open any its files while at work. He took it upon himself to take the disk home and view the

9   images on his home computer. There are no allegations that anyone from the County asked or

10   directed him to inspect the contents of the disk.

11   That leaves the alleged "ostracism and other harassment" as the only support for the cause

12   of action. The "other harassment" consists of: (1) Garcia allegedly telling Lapere to ask Plaintiff

13   why he was having surgery (Complaint ¶ 17); (2) Garcia issuing Plaintiff a reprimand for not

14   providing a doctor's note before surgery, which Plaintiff claims his wife provided (Complaint ¶

15   23); (3) not having his name added to request for a restraining order (Complaint, ¶ 24); (4) Garcia

16   taking away some of Plaintiff's duties (Complaint, ¶ 25); (5) placing Plaintiff on administrative

17   leave while the City investigated his issuance of invalid CPR cards (Complaint ¶ 28), which he

18   admits to doing (Complaint ¶ 32-33); (6) Garcia ordering him to suspend outside employment

19   (Complaint ¶ 29-31); and (7) terminating his employment (Complaint, ¶ 35.)

20   Again, Plaintiff does not allege any facts showing that the alleged harassment occurred

21   because of his sex. In addition, none of the alleged "other harassment" would qualify as sexual

22   harassment even if it was based on his sex. The California Supreme Court addressed what type of

23   acts do and do not constitute sexual harassment in Reno v. Baird (1998) 18 Cal.4th 640, stating,

24   > [C]ommonly necessary personnel management actions such as
25   > hiring and firing, job or project assignments, office or work station
26   > assignments, promotion or demotion, performance evaluations, the
27   > provision of support, the assignment or nonassignment of
28   > supervisory functions, deciding who will and who will not attend
   > meetings, deciding who will be laid off, and the like, do not come
   > within the meaning of harassment. These are actions of a type
   > necessary to carry out the duties of business and personnel
   > management. These actions may retrospectively be found

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

discriminatory if based on improper motives, but in that event the
remedies provided by the FEHA are those for discrimination, not
harassment. Harassment, by contrast, consists of actions outside the
scope of job duties which are not of a type necessary to business
and personnel management. This significant distinction underlies
the differential treatment of harassment and discrimination in the
FEHA.

(*Id.* at pp. 646-647 [emphasis added].)

The Complaint does not allege facts showing that the alleged harassment Plaintiff suffered was based on his sex. As a result, the Court should sustain the demurrer to the second cause of action.

### 2.   The Allegations Do Not Demonstrate Severe or Pervasive Sexual Harassment

The Complaint not only fails to allege facts that Plaintiff suffered harassment based on his sex, but it also fails to allege facts that he suffered severe or pervasive harassment. The California and U.S. Supreme Courts have determined that for harassment to be actionable "it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 130; *Meritor Savings Bank, FSB v. Vinson* (1986) 477 U.S. 57, 67). "Whether the conduct complained of is sufficiently pervasive to create a hostile or offensive work environment must be determined from the totality of the circumstances. [Citation.]" (*Fisher, supra*, 214 Cal.App.3d at 609.) "The factors that can be considered in evaluating the totality of the circumstances are: (1) the nature of the unwelcome sexual acts or works (generally, physical touching is more offensive than unwelcome verbal abuse); (2) the frequency of the offensive encounters; (3) the total number of days over which all of the offensive conduct occurs; and (4) the context in which the sexually harassing conduct occurred. [Citation.]" (*Id.* at 610.) "In determining what constitutes 'sufficiently pervasive' harassment, the courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature. [Citation.]" (*Id.* at 610.)

For example, in *Brooks v. City of San Mateo* (9th Cir. 2000) 229 F.3d 917, 925-927, a police dispatcher alleged she was subjected to a hostile work environment after a co-worker

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

83702.3 PO090-018

9

1    placed his hand on her stomach, fondled her bare breasts and made sexually suggestive

2    comments. The court granted summary judgment and stated that "an isolated incident of

3    harassment by a co-worker will rarely (if ever) give rise to a reasonable fear that sexual

4    harassment has become a permanent feature of the employment relationship." (*Id.*)

5        Here, Plaintiff's Complaint does not come close to sufficiently alleging severe or

6    pervasive sexual harassment. Instead, Plaintiff claims that the isolated and happenstance finding

7    of an e-mail and compact disks in the office of a former City employee created a hostile work

8    environment, but fails to allege any facts to show that that he was subject to any sexual advances,

9    or target of any current employee. Further, the Complaint is bereft of any allegations that the City

10   was aware of these documents or failed to prevent the discovery of the documents. At best,

11   Plaintiff has alleged two isolated and unrelated incidents, neither of which is sufficient to

12   establish that Plaintiff's working conditions were altered such as to create an abusive working

13   environment. The remainder of the allegations are either trivial or personnel related actions that

14   occurred over the course of a year. Thus, the demurrer must be sustained as Plaintiff has failed to

15   plead a cause of action for hostile workplace harassment in violation of FEHA.

16   **IV.    CONCLUSION**

17       As described above, Plaintiff cannot maintain any cause of action because he has failed to

18   file a claim under the California Torts Claim Act, has failed to properly allege that he has

19   exhausted his administrative remedies, and has failed to properly allege a cause of action for a

20   hostile work environment harassment based on his sex. For the reasons above, Defendants

21   respectfully request that this Court sustain the demurrer.

22   Dated: July 31, 2014                                   LIEBERT CASSIDY WHITMORE

23

24

25                                          By: _____
                                                Jesse J. Maddox
26                                              Che I. Johnson
                                                Attorneys for Defendants JOHN D.
27                                              LOLLIS, CITY OF PORTERVILLE
                                                FIRE DEPARTMENT, MARIO
28                                              GARCIA, and GLENN IRISH

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR DEMURRER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno, State of California. I am over the age of 18 and

not a party to the within action; my business address is: **5250 North Palm Ave, Suite 310,**

**Fresno, California 93704.**

On July 31, 2014, I served the foregoing document(s) described as **DEFENDANTS'**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR**

**DEMURRER TO PLAINTIFF'S COMPLAINT** in the manner checked below on all interested

parties in this action addressed as follows:

David J. Duchrow                                    Maria G. Diaz
Jill A. Plano                                            Kirby Fernando Canon
Duchrow & Plano, LLP                            The Diaz Law Firm
501 Santa Monica Blvd., #404                  7045 N. Maple Ave., #107
Santa Monica, CA 90401-2443                 Fresno, CA 93720

☑  **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited with
the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno,
California, in the ordinary course of business. I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is
more than one day after date of deposit for mailing in affidavit.

☐  **(BY FACSIMILE)** I am personally and readily familiar with the business practice of
Liebert Cassidy Whitmore for collection and processing of document(s) to be
transmitted by facsimile. I arranged for the above-entitled document(s) to be sent by
facsimile from facsimile number 559.449.4535 to the facsimile number(s) listed above.
The facsimile machine I used complied with the applicable rules of court. Pursuant to
the applicable rules, I caused the machine to print a transmission record of the
transmission, to the above facsimile number(s) and no error was reported by the
machine. A copy of this transmission is attached hereto.

Executed on **July 31, 2014,** at Fresno, California.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Susan L. Pugh

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Exhibit C

1  DUCHROW & PIANO, LLP
   David J. Duchrow, C.S.B. No. 105617
2  Jill A. Piano C.S.B. No. 193930
   501 Santa Monica Boulevard, Suite 505
3  Santa Monica, California 90401-2443
   Telephone (310) 395-5511
4  Facsimile (310) 395-6677

5  **THE DIAZ LAW FIRM**
   Maria G. Diaz, C.S.B. No. 220087
6  Kirby Fernando Cañon, C.S.B. No.276414
   7045 N. Maple Ave. Suite 107
7  Fresno, California 93720
   Telephone Number: (559) 321-8880
8  Fax Number: (559) 321-8878

9  **Attorneys for Plaintiff, CLYDE TILLERY**

10

11          **SUPERIOR COURT, STATE OF CALIFORNIA, COUNTY OF TULARE**

12                          **COUNTY CIVIC CENTER**

13                      **221 SOUTH MOONEY BOULEVARD**

14                      **VISALIA, CALIFORNIA 93291**

15  CLYDE TILLERY,                          )    CASE NO: 256467
                                            )
16          Plaintiff,                      )    **FIRST AMENDED COMPLAINT**
                                            )
17      vs.                                 )    1.    Whistleblower Retaliation, Cal.
                                            )          Labor Code § 1102.5 (b)
18  JOHN D. LOLLIS, in his official capacity; )
    CITY OF PORTERVILLE, a public entity;  )    2.    Employment Discrimination -
19  CITY OF PORTERVILLE FIRE              )          Hostile Work Environment - Sex,
    DEPARTMENT; a public entity, MARIO     )          Cal. Government Code § 12940(j)
20  GARCIA; an individual; GLENN IRISH, an  )
    individual; Does 1-20,                  )    3.    Employment Discrimination -
21                                          )          Retaliation, Cal. Government Code
            Defendants                      )          § 12940(h)
22                                          )
                                                4.    Deprivation of Civil Rights, 42
23                                                    U.S.C. § 1983 (Free Speech)

24                                              5.    FMLA 29 U.S.C. § 2615(a)(1)
                                                      Interference with protected leave
25
                                                6.    FMLA 29 U.S.C. § 2615(a)(2)
26                                                    Retaliation

27                                              **DEMAND FOR JURY TRIAL**

28

                                    -1-

          **FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1 Plaintiff alleges:

2 **ALLEGATIONS AS TO ALL CAUSES OF ACTION**

3     1.    Plaintiff **CLYDE TILLERY** (referred to herein at times as **TILLERY** or

4 **"Plaintiff"**), was and is a resident of the State of California, County of Tulare.

5     2.    Plaintiff is informed and believes that Defendant **CITY OF PORTERVILLE**

6 (referred to herein as **"CITY"**) was, and is, a municipal entity doing business in Tulare County,

7 California, and that **CITY** is organized and existing pursuant to the Constitution and laws of the

8 State of California.

9     3.    Defendant **JOHN D. LOLLIS** (referred to herein as **"LOLLIS"**) is, and at all

10 times described herein was, the City Manager of the **CITY**. He is sued herein in his official

11 capacity. Among his duties were hiring, firing, disciplining, supervising, evaluating, and

12 overseeing the heads of various city departments, including the fire department; and deciding

13 whether or not to allow disciplinary actions against employees, including employee terminations,

14 to proceed. Plaintiff is informed and believes that Defendant **LOLLIS** authorized and/or ratified

15 all actions of the other individual defendants described herein.

16     4.    Unless otherwise indicated, at all relevant times, Defendant **LOLLIS** was

17 Plaintiff's "employer" within the meaning of California Government Code §12926(d), which

18 defines "employer" as any person regularly employing five or more persons, or any person acting

19 as an agent of an employer, directly or indirectly . . . ."

20     5.    Plaintiff is informed and believes that Defendant **CITY OF PORTERVILLE**

21 **FIRE DEPARTMENT** (referred to herein as **"CPFD"**) was, at all relevant times, a public entity

22 doing business in Tulare County, California. Defendant **CPFD** is and at all times a department of

23 the City of Porterville, organized and existing under, and by virtue of, the City of Porterville, as

24 well as the laws and Constitution of the State of California. Defendant **CPFD** is an "employer" as

25 defined in California Government Code §12926(d).

26     6.    After being hired by the **CITY** in April 1999, through his termination on March 4,

27 2013, Plaintiff was a **CITY** employee and at all times performed his duties in a good to excellent

28 manner.

<center>-2-</center>

<center>**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**</center>

7.     Plaintiff is informed and believes that Defendant **MARIO GARCIA**, (referred to herein as "**GARCIA**") was, unless otherwise indicated, at all relevant times, residing in Tulare County; unless otherwise indicated, and that at all relevant times **GARCIA** was one of the managerial employees of Defendant **CPFD** until his retirement in October, 2012; and that as Chief of **CPFD**, **GARCIA** had the authority to enact policies of the **CPFD**, subject to the approval of the governing board of the **CITY**. **GARCIA** is sued herein in his official and individual capacities.

8.     Unless otherwise indicated, at all relevant times, Defendant **GARCIA** was a managerial employee of Defendant **CITY**, and was Plaintiff's "employer" within the meaning of California Government Code §12926(d), which defines "employer" as "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly . . . ."

9.     Plaintiff is informed and believes that Defendant **GLENN IRISH**, (referred to herein as "**IRISH**") was, unless otherwise indicated, at all relevant times, residing in Tulare County; unless otherwise indicated, and that at all relevant times **IRISH** was one of the managerial employees of Defendant **CPFD**, and its Chief beginning in or around October, 2012, the hand-picked successor to **GARCIA**; and that as Chief of **CPFD**, **IRISH** has the authority to enact policies of the **CPFD**, subject to the approval of the **CITY**. **IRISH** is sued herein in his official and individual capacities.

10.     Unless otherwise indicated, at all relevant times, Defendant **IRISH** was Plaintiff's "employer" within the meaning of California Government Code §12926(d), which defines "employer" as "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly . . . ."

11.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as herein alleged were proximately caused by their negligence. Plaintiff is further informed and

-3-

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1    believes and thereon alleges that each of the fictitiously named defendants were acting as the alter

2    ego, agent or employee of each other defendants, and that all acts of the Defendants named herein

3    by their true or fictitious names acted with the authority, or subsequent ratification, of each of the

4    other Defendants.

5        12.    At all times herein mentioned, Plaintiff was fully qualified and competent to

6    perform the duties assigned to him in the course of his employment, and did perform the duties in

7    a good to exceptional manner.

8        13.    On January 26, 2011, while on duty at a commercial structure fire while operating a

9    fire Apparatus Ladder Truck, Plaintiff was injured.  Immediately after the fire the Plaintiff

10   experienced flu-like symptoms and his condition worsened. He was taken to the Emergency Room

11   where he was diagnosed with toxic smoke inhalation.  The smoke inhalation caused him to suffer

12   from bronchitis which turned into pneumonia and valley fever.  Plaintiff was hospitalized on

13   March 3, 2011, with pneumonia and his lungs collapsed. He was on a ventilator for around four

14   days.

15       14.    As a result of the injury and treatment described above, Plaintiff was on **CITY**-

16   approved medical leave for around one month in or around March, 2011.

17       15.    On April 28, 2011, Plaintiff returned to work and was assigned to light duty in the

18   Fire Prevention Department.  First, he worked under **IRISH** and then he was assigned to work

19   under Chief Dave Lapere ("Lapere").  Defendant **GARCIA** was the Head of the Fire Prevention

20   Department during this time.  In the light duty assignment, Plaintiff worked Monday through

21   Friday from the hours 8:00 a.m. until 5:00 p.m.

22       16.    When Mr. Tillery returned to the Department he noticed that he was being treated

23   differently, including but not limited to: (1) **IRISH**  replaced Plaintiff with someone else to teach

24   the EMT class which Plaintiff had taught for the previous 12 years even though Plaintiff was able

25   to continue teaching; (2) Chief Loren Blasdell yelled at Mr. Tillery in front of two contractors and

26   then stripped away his job responsibility of obtaining bids from outside contractors for the training

27   facility that he had been responsible for; (3) **GARCIA**  barely talked to him; (4) each time Mr.

28   Tillery ran into **GARCIA**, he would treat him rudely by ignoring him or walking the other way;

-4-

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

(5) Chief Lapere would not even acknowledge Mr. Tillery but on several occasions he would acknowledge the other firefighters standing right next to Mr. Tillery; (6) even though Mr. Tillery would try to greet and engage **GARCIA**, he would ignore him; (7) on September 7th, 2012, Mr. Tillery was sitting in a vehicle waiting for a funeral precession to start while dressed in uniform, **GARCIA** walked right by Mr. Tillery and he ignored him and, even though Mr. Tillery tried to greet him, **GARCIA** would not even acknowledge Mr. Tillery at a funeral.

17.   In September, 2011, Mr. Tillery met with **IRISH** to obtain approval to adjust his schedule to meet a contractor at Station No. 2 before his 8:00 a.m. start time. **IRISH** told Mr. Tillery, "I don't have to baby sit you! You can adjust your schedule just as long as you get your work done! And stay busy!" Mr. Tillery reminded **IRISH** that he had returned to teach the class at the high school on Tuesdays and Thursdays from 3:30 p.m. to 8:30 p.m. as he had in the previous years. He verified with **IRISH** that it would not be a problem for him to teach the class. **IRISH** confirmed his approval and went on to say, "Hell, you can make a run to the beach if you want too." Mr. Tillery thanked **IRISH** for his approval.

18.   On September, 27, 2011, Mr. Tillery attended a meeting at Granite Hills High School for Porterville Unified School District Pathways Committee meeting while on his meal break. **IRISH** also attended the meeting. After returning from the meeting **IRISH** met with Mr. Tillery's supervisor, Chief Lapere, to discuss why Mr. Tillery was at the Pathways Committee meeting. Chief Lapere advised **IRISH** that Mr. Tillery was at the meeting on his own meal break and obtained prior approval from him.

19.   After the events described in the preceding paragraph, on September 27, 2011, **GARCIA** imposed new requirements on Mr. Tillery so that he could no longer adjust his work schedule, and could no longer represent the fire department at any meetings. **IRISH** had previously consented to Mr. Tillery adjusting his work hours.

20.   During and before October, 2011, it was de facto policy and customary for **GARCIA** to adjust City employees' work schedules, and he had approved many staff members' requests to work flexible schedules for various reasons over the years.

21.   On October 3, 2011, Mr. Tillery and Chief Lapere met with **GARCIA** to discuss

-5-

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1   changing his mind about adjusting Mr. Tillery's work schedule but it was to no avail. At the time

2   of the meeting Chief Lapere's own schedule had been adjusted. **GARCIA** refused to adjust Mr.

3   Tillery's schedule because Mr. Tillery "worked forty hours per week." Mr. Tillery reminded

4   **GARCIA** that he had been teaching at the high school for the previous seven years without any

5   conflict with his work schedule and he did not understand why **GARCIA** was depriving him of

6   that option now. In response, **GARCIA** admitted that he was upset because he had a big problem

7   with Mr. Tillery's workman's compensation injury which he was "not sure was even work

8   related." **GARCIA** volunteered that Patrice and Sarah, two **CITY** employees who worked in

9   Human Resources, told him (**GARCIA**) that Mr. Tillery's workman's compensation claims were

10  not work related.

11          22.     Mr. Tillery was shocked. He explained to **GARCIA** how much he appreciated the

12  light duty work schedule. At that time, Chief Lapere confirmed to **GARCIA** that Mr. Tillery was

13  doing an outstanding job in this position and that he was completing his work. Mr. Tillery

14  explained to **GARCIA** again that he was continuing to teach the high school class because his

15  family needed the extra money to catch up on bills since he had been in the hospital for over a

16  month. **GARCIA** remained unsympathetic and refused to adjust Mr. Tillery's work hours.

17          23.     Within two weeks of the October 3, 2011 meeting described above, Chief Lapere

18  gave Mr. Tillery a written reprimand stating that he had been dishonest with his work schedule and

19  that he did not obtain prior approval to change it. Chief Lapere informed Mr. Tillery that

20  **GARCIA** ordered that the disciplinary warning be issued to him. Mr. Tillery disagreed with the

21  reprimand because he had obtained prior approval from **IRISH** and now he was being falsely

22  accused. Reluctantly, he signed the document to acknowledge receipt, and because he believed

23  that if an employee does not sign a written reprimand he or she can be terminated.

24          24.     On March 7, 2012, Plaintiff was working in the office of the former Fire Chief

25  Loran Blasdell ("**BLASDELL**"). While Plaintiff was cleaning out the file cabinets, he found a

26  printed email with pornographic material on it. The email stated that is was "from" **BLASDELL**

27  using the email name identified as "oralguy63" and it was addressed to another male. This email

28  is referred to herein as "Pornographic Email." Plaintiff turned the Pornographic Email over to

-6-

1   Lapere because pornographic materials in the office were a violation of Department rules and
2   regulations. Lapere took it directly to Defendant **GARCIA**'s office. Lapere returned to the
3   prevention office and told Plaintiff that Defendant **GARCIA** "shredded" the Email. Plaintiff and
4   Lapere found it disturbing that Defendant **GARCIA** would destroy evidence of the Pornographic
5   Email without investigating the matter as pornographic materials in the Department were in
6   violation of rules and regulations.

7       25.    Defendant **GARCIA** destroyed the Pornographic Email and any evidence of it,
8   without conducting any investigation or disciplining anyone about it. Plaintiff believed that
9   Defendant **GARCIA** was covering up for **BLASDELL** as they were best friends. In addition,
10  Defendant **GARCIA** hired **BLASDELL** over several months to perform construction work on a
11  house he was building. Plaintiff realized he could not trust Defendant **GARCIA** because of the
12  destruction of evidence, and believed that Defendant **GARCIA** would do anything to "protect"
13  **BLASDELL**.

14      26.    Shortly thereafter, without warning or reason, Lapere requested that Plaintiff turn in
15  a doctor's note for his surgery that was scheduled on April 13, 2012. Lapere said that Defendant
16  **GARCIA** demanded that Lapere find out why Plaintiff was having surgery. Lapere volunteered
17  that Defendant **GARCIA** doubted that Plaintiff's surgery was job related. Plaintiff reminded
18  Lapere that a supervisor should not ask an employee about their private medical details. Lapere
19  admitted that Defendant **GARCIA** had violated Defendant **CPFD**'s policies by asking Plaintiff for
20  private medical information.

21      27.    A couple of weeks after the above-described interaction with Lapere, on March 29,
22  2012, Plaintiff was in an assigned office of Defendant **CPFD**, where he discovered 4 CD'S
23  underneath a two tier letter file on his desk. Plaintiff tried to open the discs to see if the CD's
24  contained work related materials (i.e. sprinkler systems, building construction, etc.). However, he
25  could not open the discs so he brought them home to review. Plaintiff reviewed the first CD
26  which contained pictures of a new home being constructed. However, when he scrolled down the
27  page he discovered very disturbing images of what appeared to be child pornography. Plaintiff
28  opened the other CD's and found the same type of disturbing contents (referred to herein as "Child

1   Pornographic Materials"). He noticed that **BLASDELL** was pictured in multiple photos. Plaintiff
2   decided to take the Child Pornographic Materials to the City of Porterville Police Department the
3   next work day. Plaintiff did not trust Defendant **GARCIA** to investigate the Child Pornographic
4   Materials, as Defendant **GARCIA** had previously destroyed the Pornographic Email evidence that
5   Lapere turned in to him from **BLASDELL**. Defendant **GARCIA** had done nothing to investigate
6   the Pornographic Email. Plaintiff was concerned that Defendant **GARCIA** would similarly
7   destroy the Child Pornographic Materials as he had shredded the Pornographic Email from
8   **BLASDELL**. Plaintiff believed that Defendant **GARCIA** would not properly investigate the
9   Child Pornographic Materials properly.

10      28.     Plaintiff was too ill on the next work day to deliver the materials to the Porterville
11   Police Department, but the following day he did take the materials in.

12      29.     Before taking the Child Pornographic Materials to the Porterville Police
13   Department, Plaintiff had told a coworker that he had discovered the materials, and the coworker
14   informed Defendant **GARCIA**. Defendant **GARCIA** began to pressure Plaintiff, through
15   coworkers, to turn the materials over to **GARCIA**. Despite pressure by **GARCIA** to force
16   Plaintiff to return the Child Pornographic Materials to the CPFD, Plaintiff, as a citizen and not
17   pursuant to official duties, and a coworker delivered the Child Pornographic Materials to Detective
18   Green ("Detective Green") at the City of Porterville Police Department and informed Detective
19   Green where he had discovered them in the CPFD offices. Detective Green assured Plaintiff that
20   he did the best thing by turning the discs to the Police Department.

21      30.     The City of Porterville Police Department declared that it had a conflict of interest
22   in investigating the matter because it would require investigating coworkers and another **CITY**
23   department, the City of Porterville Police Department turned the investigation over to the federal
24   agency charged with investigating such matters, the U.S. Immigration and Customs Enforcement,
25   known as "I.C.E."

26      31.     Plaintiff's actions in delivering the Child Pornographic Materials to the Porterville
27   police led directly to an investigation by the U.S. Immigration and Customs Enforcement, which
28   uncovered a nationwide crime ring (which included **BLASDELL**), which was responsible for

-8-

1   distributing child pornography; and which also led to the arrests of many individuals for their roles
2   in making and distributing the child pornography, and in the rescuing of several of the children
3   whose images were being used. The arrest and prosecution of **BLASDELL** made local, state and
4   national news and thrust the **CITY** into nationwide attention. Thus the matter was one of great
5   public concern.

6       32.     Defendant **GARCIA** was very upset with Plaintiff for turning the Child
7   Pornographic Materials over to the City of Porterville Police Department and expressed his
8   displeasure to other **CITY** employees.

9       33.     After Plaintiff delivered the Child Pornographic Materials to the Porterville Police
10  Department, Defendant **GARCIA** increased the frequency and intensity of the retaliation and
11  harassment against Plaintiff by engaging in behaviors which significantly interfered with
12  Plaintiff's ability to perform many of the duties of his job and chilled Plaintiff's willingness to
13  exercise his free speech rights. The harassment and retaliation included, but was not limited to:

14          a.      Defendant **GARCIA** issued Plaintiff a written reprimand for
15          insubordination based on the allegation that **TILLERY** did not give Lapere a
16          doctor's note for a pre-scheduled surgery even though **TILLERY**'s wife had
17          complied with the request by delivering the note from his physician to Human
18          Resources.

19          b.      After **BLASDELL** was arrested, the **CITY** obtained a restraining order in
20          order to prevent **BLASDELL** from, among other things, being near or contacting
21          many **CITY** employees, but not including Plaintiff. Neither Defendant **GARCIA**
22          nor Defendant **LOLLIS** informed Plaintiff when **BLASDELL** was being released
23          on bail from jail, before he was held over, even though there was a restraining order
24          issued to protect other **CITY** employees. Neither Defendant **GARCIA** nor
25          Defendant **LOLLIS** added **TILLERY** to those protected by the restraining order
26          even though **TILLERY** was the person who gave the Child Pornographic Materials
27          to the Police Department to be investigated and cooperated in the federal
28          investigation. **TILLERY** was extremely worried that **BLASDELL** would try to

-9-

1   hurt him or his family.  By leaving Plaintiff's name off of the list of protected

2   employees, Defendant **GARCIA** acted with willful disregard for Plaintiff's well

3   being and peace of mind, and withheld important information from Plaintiff, chilled

4   his free expression, as well as put his family in danger.

5   c.      On May 1, 2012, Defendant **GARCIA** ordered Lapere to inform Plaintiff

6   that he was no longer to conduct numerous routine duties: Fire Prevention, Fire

7   Inspections at Day Cares, Hood & Duct Pipe Inspections, and Business License

8   Inspections.  In addition, on July 1, 2012, Defendant **GARCIA** told Lapere to

9   inform Plaintiff he could no longer conduct Code Enforcement or weed abatement

10  duties.

11  d.      Defendant **GARCIA** prohibited Plaintiff from engaging in outside

12  employment opportunities, including teaching at the local high school and

13  providing services to the Federal Emergency Management Authority ("FEMA"),

14  which had been approved routinely for Plaintiff by the **CPFD** for many prior years.

15  e.      Defendant **GARCIA** prohibited Plaintiff from having a flexible schedule,

16  which had been approved routinely by the **CPFD** for many prior years.

17  34.     In May, 2012, **TILLERY** complained to the **CITY** about Defendant **GARCIA** for

18  creating a hostile work environment and retaliation, and the hostility he encountered because of

19  taking leave and for providing the Child Pornographic Materials to the police.  Defendant

20  **LOLLIS**, as **GARCIA's** supervisor, did nothing about those complaints, thereby ratifying

21  **GARCIA's** abusive behavior.

22  35.     After **TILLERY** complained about Defendant **GARCIA** May, 2012, Defendant

23  **GARCIA** continued to harass and retaliate against **TILLERY**, and he was subjected to even

24  further adverse employment actions.  Defendant **LOLLIS** did nothing to prevent the harassment

25  and retaliation.

26  36.     In October, 2012, Defendants **GARCIA** and **DOES 1-5** initiated a personnel

27  investigation against **TILLERY**.  Defendant **GARCIA** placed **TILLERY** on an administrative

28  leave to investigate the issuance of CPR Cards, issued by **TILLERY**, allegedly in violation of

-10-

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1   American Safety & Health Institute ("ASHI") Rules.

2       37.     Plaintiff is informed and believes and based thereon alleges that the investigation
3   into the CPR cards was another action in interference with his medical leave, in interference with
4   protected speech, and in retaliation for Plaintiff's prior reporting of the Child Pornographic
5   Materials as **TILLERY**'s issuance of CPR cards had never previously been questioned.

6       38.     At the same time that Defendant **GARCIA** placed **TILLERY** on administrative
7   leave, he ordered **TILLERY** to suspend any outside employment while the Defendant **CPFD**
8   conducted an investigation.  Plaintiff had engaged in other employment with the approval of the
9   Department for several years before this.

10      39.     With the further intent to injure Plaintiff, Defendants **LOLLIS** and **CPFD** took
11  over 106 days to "investigate" the simple matter of Plaintiff's issuance of the CPR cards.

12      40.     During the time of Plaintiff's suspension as described in the preceding paragraphs,
13  FEMA contacted Plaintiff several times to work on the East Coast of the United States to help the
14  victims of Hurricane Sandy.  **TILLERY** had assisted FEMA several times in the past with aiding
15  in disasters.  **TILLERY** requested permission from **CPFD** and Defendant **GARCIA** and
16  Defendant **IRISH** to assist FEMA, and his requests were denied.  Since Defendants **GARCIA**,
17  **IRISH** and **CPFD** ordered **TILLERY** to suspend all outside employment, he was unable to
18  respond to FEMA's call for life saving help.  As a further result, Plaintiff lost income and FEMA
19  and those it was aiding lost Plaintiff's valuable assistance.

20      41.     While on administrative leave, Plaintiff was unable to teach a class at the high
21  school.  Plaintiff had, with the **CITY** and **CPFD**'s knowledge, approval and support, taught one
22  class at the local high school.  Defendant **IRISH** would not allow Plaintiff to continue teaching,
23  causing Plaintiff to lose income and the high school lost a valuable teacher.

24      42.     Plaintiff complied with the **CPFD** investigation of the CPR Cards.  Plaintiff had
25  issued twenty Standard cards bearing the year 2005 because he did not have the year 2010 cards
26  yet.  Each CPR class participant had successfully completed the class.  Plaintiff issued the
27  temporary older cards as he did not have the updated cards yet.  Plaintiff was unaware at the time
28  that doing so was in violation of any rules.

-11-

1    43.    After issuing the 2005 cards, Plaintiff researched the regulations and realized that

2    he was unknowingly in violation.  On October 22, 2012, Plaintiff wrote ASHI to inform them that

3    he had unknowingly made the mistake issuing the old cards and ensured them he would not make

4    that mistake again.   ASHI took no action against Plaintiff.

5    44.    On February 12, 2013, Defendant **IRISH** issued Plaintiff a Notice of Intended

6    Disciplinary Action.  Plaintiff is informed and believes and based thereon alleges that the Notice

7    was approved in advance by Defendant **LOLLIS**.

8    45.    On March 4, 2013, Defendant **IRISH** issued Plaintiff a Notice of Determination

9    that he was being terminated from his employment with the **CITY** as of the very same date.

10   Plaintiff is informed and believes and based thereon alleges that the termination was approved in

11   advance by Defendant **LOLLIS**.

12   46.    Plaintiff is informed and believes and based thereon alleges that the filing of

13   administrative charges against **TILLERY** by **IRISH** was done in order to attempt to discredit and

14   **TILLERY**'s testimony in the criminal matter against **BLASDELL** and chill his expression of

15   speech regarding the criminal matter, and the **CITY's** involvement.

16   47.    On Friday, April 12, 2013, **TILLERY** was served with a subpoena to testify in

17   **BLASDELL'S** preliminary hearing in, in which **BLASDELL** was charged with a violation of

18   California Penal Code §311.11(a), possession of child pornography. **TILLERY** complied with the

19   subpoena and testified.  At the conclusion of the preliminary hearing, **BLASDELL** was held over

20   for trial.

21   48.    On September 17, 2013, **BLASDELL** pleaded guilty to one felony count of

22   violating Penal Code § 311.11(a) and was later sentenced to prison.

23   49.    As a result of the above-described administrative actions, and the termination from

24   employment, Plaintiff has lost and will continue to lose salary and other employment-related

25   benefits including but not limited to bonuses, overtime pay, retirement and insurance benefits in an

26   amount to be proven; has lost other employment which he could only have if he were employed by

27   the **CPFD**; was prohibited from outside employment; and has incurred attorneys fees, all to his

28   damage in excess of the minimum jurisdiction of this court, the precise amount to be proved at the

-12-

1   time of trial. The full amount of these expenses is not known to Plaintiff. Plaintiff will seek to
2   amend this complaint as such time as the amount is ascertained, or according to proof.

3       50.     As a further result of the administrative actions, and the termination from
4   employment, as described above, Plaintiff has suffered, and continues to suffer, emotional distress
5   and psychological injures.

6       51.     On or before May 30, 2013 Plaintiff filed a formal Charge of Discrimination with
7   the California Department of Fair Employment and Housing, naming the City of Porterville, the
8   City of Porterville Fire Department, City of Porterville Fire Chief Mario **GARCIA**, City of
9   Porterville Fire Chief Glenn **IRISH**, for their actions described above.

10      52.     On May 29, 2013, Plaintiff was given a Notice To Complainant/Notice of Case
11  Closure/Right To Sue Letter, entitling him to file a lawsuit in Superior Court. A true and accurate
12  copy of said letter is attached hereto as **Exhibit 1.** Accordingly, Plaintiff has exhausted his
13  administrative remedies with the DFEH for his claims stated below as violations of the Fair
14  Employment and Housing Act.

15      53.     On October 22, 2012, Plaintiff's counsel wrote to John D. Lollis, City Manger, City
16  of Porterville, ("**LOLLIS**") a true and accurate copy of which is attached hereto as **Exhibit 2.**
17  That letter sets forth: an extensive statement of facts detailing the facts giving rise to the injury and
18  the injury itself; the names of each and every City of Porterville employee involved in the various
19  incidents, including all named defendants in this case; the injuries and damages Plaintiff sustained,
20  including "back pay, compensatory damages for his emotional distress, his attorney's fees and
21  punitive damages" (page 9); and a legal analysis, citing to case law, statutes and regulations as
22  appropriate. Plaintiff's counsel invited the City to mediation.

23      54.     In response to Plaintiff's counsel's October 22 2012 letter, the **CITY** placed
24  Plaintiff on administrative leave, as stated in an October 30, 2012 letter from Plaintiff's counsel to
25  **LOLLIS,** a true and accurate copy of which is attached hereto as **Exhibit 3.** Once again,
26  Plaintiff's counsel invited the **CITY** to mediation.

27      55.     On November 28, 2012, Plaintiff's counsel wrote again to **LOLLIS,** asking for an
28  "update" on the **CITY'S** investigation, a true and accurate copy of which is attached hereto as

-13-

1  Exhibit 4.

2      56.    On December 12, 2012, Plaintiff's counsel wrote to an attorney whom the **CITY**

3  had hired to represent it regarding Mr. Tillery, Che I. Johnson, Esq., of Liebert Cassidy Whitmore,

4  a true and accurate copy of which is attached hereto as **Exhibit 5.** The letter restated some of the

5  relevant facts and asked for interim relief until all matters could be resolved short of litigation.

6      57.    One week later, on December 19, 2012, **CITY's** Attorney Johnson wrote to

7  Plaintiff's counsel, confirming that there was an ongoing investigation, and that once the

8  investigation was complete a notice would issue to Plaintiff, Mr. Tillery. A true and accurate copy

9  of that letter is attached hereto as **Exhibit 6.**

10      58.    Eventually the parties engaged in two mediation sessions, overseen by Hon. Steven

11  M. Vartabedian (Ret.), retired justice of the Fifth District California Court of Appeal. The

12  mediation was unsuccessful.

13      59.    At no time has the City alleged that the writings sent to Mr. Lollis were defective or

14  that they did not comply with the Government Claims Act. Accordingly, Plaintiff has presented a

15  valid claim to the Defendants and has fully complied with all requirements imposed upon him by

16  the California Government Claims Act, California Government Code § 900 *et seq.*, or has

17  substantially complied.

18                 **FIRST CAUSE OF ACTION**

19                **WHISTEBLOWER RETALIATION**

20          **CALIFORNIA LABOR CODE SECTION 1102.5 (b)**

21                 **AGAINST ALL DEFENDANTS**

22      60.    Plaintiff incorporates each of the preceding paragraphs 1 - 59 as though fully set

23  forth at this point.

24      61.    Under California Labor Code section 1102.5(b), no employer shall retaliate against

25  an employee for disclosing information to a government or law enforcement agency, where the

26  employee has reasonable cause to believe that the information discloses a violation of state or

27  federal statute, or violation or noncompliance with a state or federal regulation. Plaintiff's delivery

28  to the Porterville Police Department of the Child Pornography Materials he found in the Fire

1  Department Office was motivated by his reasonable belief that the information disclosed a

2  violation of state and federal statutes prohibiting the depiction of minors in pornography.

3      62.    Defendants and each of them failed to develop and implement policies and

4  procedures for prompt and proper investigation of allegations of retaliation against an officer for

5  disclosing information to a government or law enforcement agency, where the officer has

6  reasonable cause to believe that the information discloses a violation of state or federal statute, or

7  violation or noncompliance with a state or federal regulation.

8      63.    In subjecting Plaintiff to the harassment, administrative actions and termination

9  described above and in other respects presently unknown to Plaintiff, Defendants and each of them

10  willfully, knowingly and intentionally retaliated against Plaintiff for disclosing information to a

11  government or law enforcement agency, where Plaintiff had reasonable cause to believe that the

12  information discloses a violation of state or federal statute, or violation or noncompliance with a

13  state or federal regulation.

14      64.    As a result of each and every Defendants' retaliation against Plaintiff because of his

15  disclosing of information to a government or law enforcement agency, where Plaintiff had

16  reasonable cause to believe that the information discloses a violation of state or federal statute, or

17  violation or noncompliance with a state or federal regulation, in violation of California Labor

18  Code section 1102.5(b), Plaintiff has suffered the economic and non-economic damages as set

19  forth in the preceding paragraphs.

20              **SECOND CAUSE OF ACTION**

21    **EMPLOYMENT DISCRIMINATION - HOSTILE WORK ENVIRONMENT - SEX**

22              **CALIFORNIA GOVERNMENT CODE § 12940(j)**

23        **AGAINST DEFENDANTS GARCIA, IRISH, CPFD, CITY AND DOES 1-10**

24      65.    Plaintiff incorporates paragraphs 1 - 59 at this point as though fully set forth at this

25  point.

26      66.    Defendants **GARCIA** and **IRISH** are personally liable for harassment within the

27  meaning of California Government Code § 12940(j)(3).

28      67.    During his employment with the City of Porterville and Defendant **CPFD**, Plaintiff

-15-

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1  was subjected to materials which he considered harassing on the basis of sex, including but not

2  limited to the Pornographic Email and the Child Pornography Materials described in the preceding

3  paragraph. In addition, the ostracism, harassment and other acts taken against Plaintiff by

4  Defendant **GARCIA**, and others, described above, added to the hostile environment.

5      68.    In doing the acts described above, and in failing to prohibit harassment, and in

6  failing to properly investigate Plaintiff's complaints, as set forth above, Defendants **GARCIA,**

7  **IRISH, CITY and DOES 1 - 10** have created and allowed to exist a hostile work environment, a

8  form of harassment, for Plaintiff, in violation of California Government Code § 12940(j). For

9  purposes of this cause of action, Plaintiff realleges the economic and non-economic damages set

10  forth in the preceding paragraphs, and those losses are alleged to be as a result of the retaliation set

11  forth in this cause of action.

12      69.    Plaintiff is informed and believes and based thereon alleges that the outrageous

13  conduct of Defendants **IRISH, and GARCIA** described above was not within the scope of their

14  duties of their employment with the **CITY** or the **CPFD**, and was done with malice, fraud and

15  oppression and with conscious disregard for her rights and with the intent, design and purpose of

16  injuring him. Defendants **IRISH, and GARCIA** as managing agents authorized, condoned and/or

17  ratified the unlawful conduct of all of the other Defendants named in this action.  By reason

18  thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants **IRISH and**

19  **GARCIA** in a sum according to proof at trial.

20  <div align="center">**THIRD CAUSE OF ACTION**</div>

21  <div align="center">**EMPLOYMENT DISCRIMINATION - RETALIATION**</div>

22  <div align="center">**CALIFORNIA GOVERNMENT CODE § 12940(h)**</div>

23  <div align="center">**AGAINST DEFENDANTS CITY OF PORTERVILLE AND DOES 1-20**</div>

24      70.    Plaintiff incorporates paragraphs 1 - 59 at this point as though fully set forth at this

25  point.

26      71.    In doing the acts described above, including but not limited to harassing Plaintiff,

27  taking administrative actions including termination, and by denying Plaintiff the ability to work for

28  other employers, in failing to prohibit harassment, and in failing to properly investigate Plaintiff's

<div align="center">-16-</div>

1   complaints, as set forth above, Defendants City of Porterville and Does 1 - 10 have created and

2   allowed to exist a hostile work environment, a form of harassment, for Plaintiff, in violation of

3   California Government Code § 12940(h).

4       72.     For purposes of this cause of action, Plaintiff realleges the economic and non-

5   economic damages set forth in the preceding paragraphs, and those losses are alleged to be as a

6   result of the creation of the hostile work environment set forth in this cause of action.

<div align="center">

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 - FREE SPEECH**

**AGAINST ALL DEFENDANTS**

</div>

10      73.     Plaintiff incorporates paragraphs 1 - 59 at this point as though fully set forth at this

11  point.

12      74.     In taking the actions referred to above, Defendants **LOLLIS, IRISH, GARCIA,**

13  **CPFD, CITY** and **DOES 1-10** were acting under color of law by acting under the actual and

14  apparent authority of the positions they held as described above.

15      75.     At all times, Plaintiff enjoyed the protections of the free speech provisions of the

16  California Constitution, Art. 1 §1, and of the First Amendment to the Constitution of the United

17  States. Pursuant to those protections he had the right to speak as a citizen regarding matters of

18  public concern without fear of retaliation or reprisal in his employment.

19      76.     The actions taken above by Defendants **LOLLIS, IRISH, GARCIA, CPFD,**

20  **CITY** and **DOES 1-10** subjected Plaintiff, or caused Plaintiff to be subjected, to a deprivation of

21  his constitutionally protected right to free speech, for his free speech in providing the Child

22  Pornographic Materials to the police, in speaking with the police about the materials, and

23  discussing the discovery of the materials with investigators.

24      77.     The matters upon which Plaintiff was exercising his free speech rights were matters

25  of utmost public concern in that his speech affected numerous individuals, and the community, and

26  helped to ensure that the people responsible for creating and distributing child pornography were

27  brought to justice and removed from the community, helped to protect children from sexual

28  predators, and helped to required **BLASDELL** and others to register as sex offenders in order to

<div align="center">

-17-

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

</div>

1  help prevent subsequent offenses and to alert the public to the presence of sex offenders in their
2  neighborhoods.

3      78.    Defendants violated clearly established rights to free speech in doing the actions
4  described in this cause of action.

5      79.    Defendants acted pursuant to official policies of the **CITY** and **CPFD** in depriving
6  Plaintiff of his free speech rights, since all individual defendants were responsible for creating,
7  modifying, and enforcing the policies under which they purported to act.

8      80.    The deprivation of Plaintiff's free speech rights as detailed in this cause of action
9  was a substantial factor in causing Plaintiff's damages and losses as further described herein.

10     81.    Plaintiff is informed and believes and based thereon alleges that the outrageous
11  conduct of Defendants **LOLLIS, IRISH, and GARCIA** described above was not within the scope
12  of their duties of their employment with the **CITY** or the **CPFD**, and was done with malice, fraud
13  and oppression and with conscious disregard for her rights and with the intent, design and purpose
14  of injuring him. Defendants **LOLLIS, IRISH, and GARCIA** as managing agents authorized,
15  condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.
16  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants
17  **LOLLIS, IRISH and GARCIA** in a sum according to proof at trial.

18                      **FIFTH CAUSE OF ACTION**

19     **VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2610 et seq.**

20                      **INTERFERENCE WITH LEAVE**

21       **AGAINST DEFENDANTS LOLLIS, CITY, CPFD, GARCIA, IRISH**

22     82.    Plaintiff incorporates paragraphs 1 - 59 at this point as though fully set forth at this
23  point.

24     83.    At all times, Defendants **LOLLIS, CITY, CPFD, GARCIA** and **IRISH** were
25  "employers" as defined in the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), at
26  29 U.S.C. § 2611(d).

27     84.    At all times, Defendant **CITY** was, and is, a "public agency" as that term is defined
28  in the FMLA, 29 U.S.C. § 2911(x).

1    85.    At all times, Plaintiff was an "employee" of Defendants **LOLLIS, CITY, CPFD,**

2  **GARCIA** and **IRISH** as the term "employee" is defined in the FMLA, 29 U.S.C. §2611(e)(2)©.

3    86.    In 2011, when Plaintiff required leave to care for his serious health condition

4  caused by his on-duty injuries described above, he was eligible for leave under the terms of the

5  Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, including but not limited to:

6         A.    the right to leave under 29 U.S.C. § 2912(a)(1)(D) and

7         B.    the right to reinstatement to the same, or an equivalent position to his

8               former position, upon return from such leave, without loss of salary or

9               benefits, pursuant to 29 U.S.C. § 2912(a)(1).

10    87.    In doing the actions described above and incorporated into this cause of action,

11  Defendants **CITY, CPFD, GARCIA AND IRISH** violated Plaintiff's right to return to the same,

12  or an equivalent position to his former position upon return from leave, in violation of 29 U.S.C. §

13  2912(a)(1) without loss of salary or significant change in duties.

14    88.    In doing the actions described above and incorporated into this cause of action,

15  Defendants **LOLLIS, CITY, CPFD, GARCIA** and **IRISH** violated Plaintiff's right to leave by

16  interfering with the exercise of his rights and denying the exercise of the right to leave, in violation

17  of 29 U.S.C. § 2615(a)(1).

18    89.    In violating Plaintiff's rights under the FMLA, Defendants **LOLLIS, CITY,**

19  **CPFD, GARCIA** and **IRISH** acted "willfully" as that term is used in 29 U.S.C. § 2617(c)(2).

20    90.    Violations of Plaintiff's rights under the FMLA as described in this cause of action

21  were a substantial factor in causing the harm and damages as described below.

22                    **SIXTH CAUSE OF ACTION**

23    **VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2610 et seq.**

24                         **RETALIATION**

25              **AGAINST DEFENDANT CITY AND DOES 1 - 10**

26    91.    Plaintiff incorporates paragraphs 1 - 59 at this point as though fully set forth at this

27  point.

28    92.    At all times, Defendants **LOLLIS, CITY, CPFD, GARCIA** and **IRISH** were

-19-

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1   "employers" as defined in the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), at

2   29 U.S.C. § 2611(d).

3       93.    At all times, Defendant **CITY** was, and is, a "public agency" as that term is defined

4   in the FMLA, 29 U.S.C. § 2911(x).

5       94.    At all times, Plaintiff was an "employee" of Defendants **LOLLIS, CITY, CPFD,**

6   **GARCIA** and **IRISH** as the term "employee" is defined in the FMLA, 29 U.S.C. §2611(e)(2)©.

7       95.    In 2011, when Plaintiff required leave to care for his serious health condition

8   caused by his on-duty injuries described above, he was eligible for leave under the terms of the

9   Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, including but not limited to the right to

10   reinstatement to the same, or an equivalent position to his former position, upon return from such

11   leave, without loss of salary or benefits, pursuant to 29 U.S.C. § 2912(a)(1).

12       96.    In doing the actions described above and incorporated into this cause of action,

13   Defendants **CITY, CPFD, GARCIA AND IRISH** violated Plaintiff's right to return to the same,

14   or an equivalent position to his former position upon return from leave, in violation of 29 U.S.C. §

15   2912(a)(1).

16       97.    In doing the actions described above and incorporated into this cause of action,

17   Defendant **CITY and DOES 1 – 10** violated Plaintiff's rights by retaliating, discharging and

18   discriminating against Plaintiff for opposing practices prohibited by the FMLA, in violation of 29

19   U.S.C. § 2615(a)(2).

20       98.    In violating Plaintiff's rights under the FMLA, Defendants **CITY, and DOES 1 –**

21   **10** acted "willfully" as that term is used in 29 U.S.C. § 2617(c)(2).

22       99.    Violations of Plaintiff's rights under the FMLA as described in this cause of action

23   were a substantial factor in causing the harm and damages as described below.

24               **FURTHER ALLEGATIONS AS TO ALL CAUSES OF ACTION**

25       100.    As a proximate result of the acts of Defendants as alleged above, Plaintiff was hurt

26   and injured in his health, strength, and activity, sustaining injury to his nervous system and person,

27   all of which have caused, and continue to cause, Plaintiff loss of earnings and earning capacity,

28   and other economic losses, as well as great mental, physical and nervous pain and suffering.

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1    101.    As a further proximate result of the acts of Defendants as set forth above, Plaintiff

2    expects to incur, and will continue to incur, medical and related expenses. The full amount of these

3    expenses is not known to Plaintiff. Plaintiff will seek to amend this complaint as such time as the

4    amount is ascertained, or according to proof.

5    102.    As a further proximate result of the acts of Defendants as set forth above, Plaintiff

6    has suffered, and will continue to suffer, emotional distress, for which he expects to seek

7    professional treatment. Plaintiff will seek to amend this complaint at the time when the value of

8    such emotional distress, and associated economic costs, are ascertained, or according to proof.

9    WHEREFORE, PLAINTIFF seeks judgement against Defendant as follows:

10    1.    For compensatory and general damages according to proof;

11    2.    For medical and related expenses according to proof;

12    3.    For lost earnings, past and future, according to proof;

13    4.    For liquidated damages pursuant to the FMLA, 29 U.S.C. § 2617(a)(1)

14    5.    For interest as allowed by law;

15    6.    For costs of suit incurred herein, including expert witness fees;

16    7.    For attorneys' fees as allowed by law, including but not limited to California Code

17    of Civil Procedure § 1021.5, California Government Code § 12965(b), 42 U.S.C. §,1988 and 29

18    U.S.C. § 2617(a)(3);

19    8.    For exemplary and punitive damages against the individual defendants;

20    9.    For the equitable remedy of reinstatement;

21    10.    For such other and further legal and equitable relief that the Court may deem just

22    and proper.

23    Dated: November 19, 2014

Respectfully submitted,
DUCHROW & PIANO, LLP
THE DIAZ LAW FIRM

By:
Kirby Fernando Cañon
Attorneys for Plaintiff, CLYDE TILLERY

-21-

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1

## DEMAND FOR JURY TRIAL

2      Plaintiff respectfully requests a jury trial for all causes of action.

3  Dated: November 19, 2014

Respectfully submitted,
DUCHROW & PIANO, LLP
THE DIAZ LAW FIRM

By:

Kirby Fernando Cañon
Attorneys for Plaintiff, CLYDE TILLERY

-22-

# Exhibit 1



STATE OF CALIFORNIA ( State and Consumer Services Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-984-1694 I Videophone 916-226-5285 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

May 31, 2013

Clyde Tillery
1020 N. Greenfield Drive
Porterville, CA 93257

RE: Notice of Case Closure and Right to Sue
DFEH Matter Number: 125329-54259
Right to Sue: Tillery / City of Porterville Fire Department,

Dear Clyde Tillery:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 31, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc: John Lollis,  Agent for Service for City of Porterville Fire Department,
    Mario Garcia
    Glenn Irish



**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

EMPLOYMENT - RIGHT TO SUE

| COMPLAINANT NAME: | | TELEPHONE NUMBER: |
|---|---|---|
| Clyde Tillery | | 559-280-1755 |
| ADDRESS: | | CITY/STATE/ZIP: |
| 1020 N. Greenfield Dr. | | Porterville, Ca 93257 |

NAMED IS THE EMPLOYER OR PERSON(S) WHO DISCRIMINATED, HARASSED OR RETALIATED AGAINST ME:

| RESPONDENT NAME: | AGENT FOR SERVICE NAME: | TELEPHONE NUMBER: |
|---|---|---|
| City of Porterville Fire Department | John Lollis | 559-782-7447 |
| ADDRESS (AGENT FOR SERVICE): | | CITY/STATE/ZIP: |
| 291 N. Main St. | | Porterville, Ca. 93257 |
| NO. OF EMPLOYEES: | DATE MOST RECENT DISCRIMINATION TOOK PLACE: | TYPE OF EMPLOYER: |
| 40+ | March 04, 2013 | Fire Dept |

| CO-RESPONDENT(S): | | |
|---|---|---|
| NAME | ADDRESS | PHONE NUMBER |
| Mario Garcia | 1665 S Plano St, Porterville, CA, 93257-9126 | 559-781-701 |
| Glenn Irish | 40 W. Cleveland Ave. Porterville, Ca. 93257 | 559-782-752 |

Do you have an attorney who has agreed to represent you and this matter in court?   ☒Yes   ☐ No

If yes, please provide the attorney's contact information:

Attorney Name: David J. Duchrow and Jill A. Piano

Attorney Firm Name: Law Office of David J. Duchrow

Attorney Street Address, City, State and Zip Code: 501 Santa Monica Boulevard, Santa Monica, CA 90401



STATE OF CALIFORNIA | Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
125329-54259

| | |
|---|---|
| I ALLEGE THAT I EXPERIENCED | Discrimination, Harassment, Retaliation |
| ON OR BEFORE | Mar 04, 2013 |
| BECAUSE OF MY | Engagement in Protected Activity, Other |
| AS A RESULT, I WAS | Denied a work environment free of discrimination and/or retaliation, Denied employment, Terminated |

STATEMENT OF FACTS



STATE OF CALIFORNIA | Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
125329-54259

SIGNED UNDER PENALTY OF PERJURY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Verified by David J. Duchrow, Attorney for Complainant, and dated on May 31, 2013 at Porterville, CA.

# Exhibit 2

LAW OFFICE OF
## DAVID J. DUCHROW

David J. Duchrow, Esq.
Jill Anne Piano, Esq.

501 Santa Monica Boulevard, Suite 505
Santa Monica, California 90401-2443

Telephone
(310) 395-5511
Fax (310) 395-6677

October 22, 2012

**CONFIDENTIAL PERSONNEL MATTER**
John D. Lollis
City Manager
City of Porterville
291 North Main Street
Porterville, CA 93257

Re: Our client, City of Porterville employee Clyde Tillery

Dear Mr. Lollis,

I am writing regarding your employee, our client Clyde Tillery. Mr. Tillery has consulted with us regarding his rights with his employment at City of Porterville Fire Department.

My purpose in writing at this time is not to begin a process leading toward litigation; to the contrary, I am writing to apprize you of the facts as I understand them, to provide an analysis of those facts, and to offer a mutually agreeable resolution of any claims.

The facts, as I understand them, are as follows. In April 1999, Mr. Tillery was hired as a City of Porterville ("City") employee and at all times performed his duties in a good to excellent manner. Mr. Tillery sustained a work related injury while performing his usual and customary duties as a firefighter while he was fighting a fire on January 26, 2011. Doctors diagnosed him with toxic smoke inhalation. He then suffered from bronchitis which turned into pneumonia. He was hospitalized on March 3, 2011, with pneumonia and his lungs collapsed. He was on a ventilator for around four days and was on medical leave for around one month.

On April 28, 2011, Mr. Tillery returned to work and was assigned to light duty in the Fire Prevention Department. First, he worked under Chief Glen Irish and then he was assigned to work under Chief Dave Lapere. Chief Mario Garcia was the Head of the Fire Prevention Department during this time. Mr. Tillery worked Monday through Friday from the hours 8:00 a.m. until 5:00 p.m.

When Mr. Tillery returned to the Department he noticed that he was being treated differently. For example, Chief Irish told him that he was now being replaced by someone else to teach the EMT class he had taught for the previous 12 years even though he was capable to continue teaching. In addition, Chief Loren Blasdell yelled at Mr. Tillery in front of two

Law Office of David J. Duchrow

John D. Lollis
October 22, 2012
Page 2

contractors and then stripped away his job responsibility of obtaining bids from outside contractors for the training facility that he had been responsible for. Also, Chief Garcia would barely talk to him. Each time Mr. Tillery ran into him, he would treat him rudely by ignoring him or walking the other way. Chief Lapere would not even acknowledge Mr. Tillery but on several occasions he would acknowledge the other firefighters standing right next to him. Even though Mr. Tillery would try to greet and engage Chief Garcia, he would ignore him. The most recent example was on September 7th, 2012, Mr. Tillery was sitting in a vehicle waiting for a funeral precession to start while dressed in uniform. Chief Garcia walked right by Mr. Tillery and he ignored him. Even though Mr. Tillery tried to greet him, Chief Garcia would not even acknowledge Mr. Tillery at a funeral.

In September, 2011, Mr. Tillery met with Chief Irish to obtain approval to adjust his schedule to meet a contractor at Station No. 2 before his 8:00 a.m. start time. Chief Irish told Mr. Tillery, "I don't have to baby sit you! You can adjust your schedule just as long as you get your work done! And stay busy!" Mr. Tillery reminded Chief Irish that he had returned to teach the class at the high school on Tuesdays and Thursdays from 3:30 p.m. to 8:30 p.m. as he had in the previous years. He verified with Chief Irish that it would not be a problem for him to teach the class. Chief Irish confirmed his approval and went on to say, "Hell, you can make a run to the beach if you want too." Mr. Tillery thanked Chief Irish for his approval.

On September, 27, 2011, Mr. Tillery attended a meeting at Granite Hills High School for Porterville Unified School District Pathways Committee meeting while on his lunch break. Chief Irish also attended the meeting. After returning from the meeting Chief Irish met with Mr. Tillery's supervisor, Chief Lapere, to discuss why Mr. Tillery was at the Pathways meeting. Chief Lapere advised Chief Irish that Mr. Tillery was at the meeting on his own lunch break and obtained prior approval from him. Later that day, Chief Garcia decided to impose new requirements on Mr. Tillery so that he could no longer adjust his work schedule or represent the fire department at any meetings. This did not make sense since Chief Irish had already consented to Mr. Tillery adjusting his work hours.

On October 3, 2011, Mr. Tillery and Chief Lapere met with Chief Garcia to discuss changing his mind about adjusting Mr. Tillery's work schedule but it was to no avail. Chief Garcia refused to adjust Mr. Tillery's schedule because Mr. Tillery "worked forty hours per week." It was customary for Chief Garcia to adjust City employees work schedules and he has approved many staff members' requests to work flexible schedules for various reasons over the years. Furthermore, at the time of the meeting Chief Lapere's own schedule was adjusted. Mr. Tillery reminded Chief Garcia that he has been teaching at the high school for the last seven

Law Office of David J. Duchrow

John D. Lollis
October 22, 2012
Page 3

years without any conflict with his work schedule and he did not understand why Chief Garcia
was depriving him of that option now. At that point, Chief Garcia let the cat out of the bag. He
admitted that he was upset because he had a big problem with Mr. Tillery's workman's
compensation injury which he "was not sure was even work related." Chief Garcia volunteered
that Patrice and Sarah in Human Resources told him that Mr. Tillery's workman's compensation
claims were not work related.

Mr. Tillery was shocked. He explained to Chief Garcia how much he does appreciate the
light duty work schedule. At that time, Chief Lapere confirmed to Chief Garcia that Mr. Tillery
was doing an outstanding job in this position and that he was completing his work. Mr. Tillery
explained to Chief Garcia again that he was continuing to teach the high school class because his
family needed the extra money to catch up on bills since he had been in the hospital for over a
month. Chief Garcia remained unsympathetic and refused to adjust Mr. Tillery's work hours.

Within two weeks of the meeting, Chief Lapere gave Mr. Tillery a written reprimand
stating that he had been dishonest with his work schedule and that he did not obtain prior
approval to change it. Chief Lapere informed Mr. Tillery that Chief Garcia ordered that the
disciplinary warning be issued to him. Mr. Tillery disagreed with the reprimand because he had
obtained prior approval from Chief Irish and now he was being falsely accused. Reluctantly, he
signed the document to acknowledge receipt, and because he believed that if an employee does
not sign a written reprimand he or she can be terminated.

On March 7, 2012, Mr. Tillery was working in former Fire Chief Blasdell's office and
was cleaning out the file cabinets. Mr. Tillery found a printed email with pornographic material
on it. The email was from Chief Blasdell using an email name identified as oralguy63 and it was
addressed to another male. Such pornographic material in the office would indicate a likely
violation of Department rules and regulations, and was offensive. Mr. Tillery turned the email
over to Chief Lapere who took it directly to Chief Garcia's office. Chief Lapere returned to the
prevention office and told Mr. Tillery that Chief Garcia shredded the email. Mr. Tillery found it
disturbing that Chief Garcia would not investigate the pornographic email. Instead of conducting
an investigation or disciplining anyone about the email, Chief Garcia destroyed any evidence of
it. At that point, it appeared to Mr. Tillery that Chief Garcia was not willing to take any steps
toward disciplining Chief Blasdell.

A few weeks later, March 26, 2012, Chief Lapere requested that Mr. Tillery turn in
a doctor's note for his surgery that was scheduled for April 13, 2012. Chief Lapere said that
Chief Garcia demanded to know why Mr. Tillery was having surgery and how long he was going

Law Office of David J. Duchrow

John D. Lollis
October 22, 2012
Page 4

to be off of work. Chief Lapere volunteered that Chief Garcia doubted if Mr. Tillery's surgery was even job related. Mr. Tillery was very upset about this and he reminded Chief Lapere that a supervisor could not ask an employee about their private medical details. Chief Lapere admitted that Chief Garcia was not complying with the City's policies by asking for private medical information.

On March 29, 2012, Mr. Tillery was in an assigned office of the Department, when he discovered 4 CD'S underneath a two tier letter file on his desk. Mr. Tillery tried to open the discs to see if the CD's contained work related materials (i.e. sprinkler systems, building construction, etc.). The first CD contained pictures of a new home being constructed. However, when he scrolled down the page he saw very disturbing images of child pornography. He opened the other CD's and found the same type of disturbing contents. He noticed that Chief Blasdell, the former Fire Chief of the City, was pictured in multiple photos. In addition, he found that Chief Blasdell's daughter Tiffany was also pictured in the disturbing content.

Mr. Tillery decided to take the CD's to the police department. Since Chief Garcia had destroyed evidence and did not investigate the pornographic email Mr. Tillery found two weeks earlier, he did not trust Chief Garcia to ensure the content of the CD's would be properly investigated. Mr. Tillery was concerned that Chief Garcia would shred the CD's as he did with the graphic email or tell Mr. Tillery to ignore his findings.

Mr. Tillery turned the CD's containing the child pornography into Detective Green at the Porterville Police Department.

Afterwards, Chief Lapere told Mr. Tillery that Chief Garcia was very upset with him for turning the CD's over to the police. However, Mr. Tillery knew he could not entrust the CD's to Chief Garcia. Mr. Tillery already knew that Chief Blasdell was a close friend of Chief Garcia and that Chief Garcia might try to protect the alleged perpetrator.

Shortly after Mr. Tillery turned the CD's into the police, Chief Garcia ramped up his harassment of Mr. Tillery.

Chief Lapere told Mr. Tillery that Chief Garcia ordered him to obtain a note from Mr. Tillery's doctor for his surgery. Mr. Tillery responded that he was waiting for his doctor to sign the paperwork so he could return it to his employer. On April 13, 2012, Mr. Tillery had his scheduled surgery. On April 16, 2012, Mr. Tillery's wife, Kimberly, received a call from the doctor's office stating that the paperwork was completed for her to pick up. Mrs. Tillery

Law Office of David J. Duchrow

John D. Lollis
October 22, 2012
Page 5

delivered the doctor's note to Human Resources. When Mr. Tillery returned to work on May 14, 2012, he was issued a written reprimand for insubordination for not giving Chief Lapere a doctor's note. The truth was that Mr. Tillery had complied with Chief Garcia's request by submitting a doctor's note to Human Resources two days after his surgery. Chief Garcia seemed to be determined to harass Mr. Tillery for not submitting a doctors note when he had already complied with his request.

Mr. Tillery went directly to the Human Resources Department to talk to Josie Castaneda. She informed Mr. Tillery that he should have obtained a note from his doctor's receptionist before he had his surgery. However, no one had ever told Mr. Tillery he could submit a note from a receptionist, therefore, he thought he needed his physician to sign the paperwork. Ms. Castaneda said that Chief Garcia should have explained the policy to him.

Mr. Tillery realized that Chief Garcia was not informing him of the procedure properly and then would write him up for not following it. Mr. Tillery asked Ms. Castaneda if he could work with her to ensure that he had the complete information to comply with the rules. Ms. Castaneda said that Mr. Tilley had to follow the chain of Command. However, if he had any further questions he could come to her directly.

Mr. Tillery informed Ms. Castaneda that he was scheduled for additional tests the next day for breathing capacity and CT Scan for his workman's compensation case. Ms. Castaneda directed him to obtain a note that same day from the doctor. Mr. Tillery tried to obtain a note but the doctor's office said that they do not supply notes to patients until after they have completed the tests and/or procedures. Ms. Castaneda requested that the doctor's office call her to confirm what Mr.Tillery told her about their policy for writing notes.

Chief Garcia unnecessarily put Mr. Tillery through the wringer about his hours and taking time off for medical appointments and he continued created ways to harass Mr. Tillery.

On May 14, 2012, Mr. Tillery was discussing a fire preplan diagram with Captain Larry Newby when Chief Garcia walked in the door and stared at Mr. Tillery. Chief Garcia stood there for approximately 10-15 seconds and then left. Captain Newby and Mr. Tillery continued to discuss the preplan. Approximately 10 minutes later, Chief Lapere told Mr. Tillery to go find some crayons or something to draw on. Mr. Tillery did not understand why he would say this to him as he was talking about work. Later that day, Chief Lapere relayed to Mr. Tillery that Chief Garcia said that he cannot stand there and talk to other employees. Mr. Tillery realized that it did not matter what he did or said as Chief Garcia would always find something wrong with it to use

Law Office of David J. Duchrow

John D. Lollis
October 22, 2012
Page 6


against him.

On May 18, 2012, Mr. Tillery found out from a third party that Chief Blasdell was released from jail after being arrested for the child pornography allegations. Mr. Tillery was concerned about his family and his own safety as Chief Blasdell knew it was he who turned in the CD's that caused Chief Blasdell to be arrested.

Mr. Tillery found out that a restraining order was issued to protect several of the employees at the fire station. However, Chief Garcia never informed Mr. Tillery of the information about Chief Blasdell being released, the information about the restraining order nor whether he or his family were protected under the restraining order. Mr. Tillery was extremely worried that Chief Blasdell would try to hurt him or his family. It was disturbing that Chief Garcia would harass Mr. Tillery unnecessarily but now he was withholding important information from Mr. Tillery as well as putting him and his family in danger.

It appeared that Chief Garcia was determined to undermine Mr. Tillery. In May 2012, Mr. Tillery had no choice but to file a grievance against Chief Garcia. Nevertheless, Chief Garcia continued to harass Mr. Tillery. After complaining about Chief Garcia's harassing actions toward him, Mr. Tillery was subjected to even more adverse employment actions. For example, on May 1, 2012, Chief Garcia told Chief Lapere to inform Mr. Tillery that he was no longer to conduct numerous routine duties: Fire Prevention, Fire Inspections Day Cares, Hood & Duct Pipe Inspections, Business License Inspections. In addition, on July 1, 2012, Chief Garcia told Chief Lapere to inform Mr. Tillery he could not longer conduct Code Enforcement or weed abatement duties.

It is disconcerting that Mr. Tillery had to experience the discrimination, harassment, and retaliation. It is even more shocking that this treatment was in retaliation from being hurt while fighting fires and in response to having the courage to report child pornography to the police despite what Chief Garcia wanted. Basically Mr. Tillery received no support whatsoever from the City, no corrective action from the City, and ultimately was stripped of meaningful job duties without reason.

## II. Law and Analysis

This is a classic disparate treatment, harassment, disability and retaliation case in violation of the California Fair Employment and Housing Act (FEHA) (California Government Code Sections 12900-12996). It involves an employee who became disabled and was

Law Office of David J. Duchrow

John D. Lollis
October 22, 2012
Page 7

discriminated against, harassed because of his disability and need for a light duty accommodation.

It also involves an employee who was subjected to retaliation when he turned <u>a CD</u> <u>containing child pornography that included photos of the fire chief</u> in to the police department to investigate child pornography.

Mr. Tillery reported and turned in evidence that caused Chief Blasdell to be arrested for child pornography. Mr. Tillery submitted the evidence despite Chief Garcia telling him not to. Chief Garcia is a very good friend of Chief Blasdell. It appears that the Chief Garcia took adverse employment actions towards Mr. Tillery in retaliation for turning the CD's containing the children's pornography to the police department.

"[I]n order to establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." Yanowitz v. L'Oreal USA, Inc. (2005) 36 Cal.4th 1028, 1042.

Because the City of Porterville received sufficient notice with regard to its supervisors', managers' and employees' actions, the doctrines of strict liability and respondeat superior are applicable. Further since the acts were carried out by managerial employees of the City of Porterville, the city will be held strictly liable. It should be noted that under FEHA and well-established case law, Chief Garcia is also subject to personal liability for his actions. (Govt Code §12940(j)(3).)

An employer has an affirmative duty to maintain a working environment free of harassment because of a physical disability. California Government Code § 12940(j)(1).

Every individual is entitled to work in a harassment-free environment and an employer's failure or refusal to provide this, in and of itself, is the denial of "terms, conditions, privileges of employment" and is a violation of the law. (Government Code §§ 12940, et seq.); 2 Cal. Admin. Code 7287.6; *DFEH v. Fresno Hilton Hotel* (1984) FEHC Dec. No. 84-03, p. 29; and see also *Harris v. Forklift Systems, Inc.* (1993) 114 S.Ct. 367.

Although FEHA, Government Code § 12940(j)(1) prohibits any "person" from harassing an employee, § 12940(k) imposes on the employer the duty to take all reasonable steps to prevent this harassment (as well as discrimination) from occurring in the first place and to take

Law Office of David J. Duchrow

John D. Lollis
October 22, 2012
Page 8

immediate and appropriate action when it is or it should be aware of the unlawful conduct. *Carrisales v. Department of Corrections* (1999) 21 Cal.4th 1132, 1140.

Mr. Tillery was harassed based on his disability. Mr. Tillery reported the harassment to the City of Porterville. However, the City of Porterville refused to take any steps to remediate the harassment and instead further harassed our client which violates Government Code § 12945 (h).

"Such steps may include affirmatively raising the subject of harassment, expressing strong disapproval, developing appropriate sanctions, informing employees of their right to raise and how to raise the issue of harassment under California law, and developing methods to sensitize all concerned." 2 Cal. Code Regs. §7287.6(b)(3); see also 29 C.F.R. §§1604.11(f). The duty to prevent and remedy harassment is an affirmative duty imposed on all employers, and it includes a duty to promptly and thoroughly investigate all allegations of harassment. *Northrop Grumman Corp. v. Workers Compensation Appeals Board* (2002) 103 Cal. App.4th 1021, 1035 ("Prompt investigation of a discrimination claim is a necessary step by which an employer meets its obligation to ensure a discrimination-free work environment."); (2nd Cir. 2000) 202 F.3d 97, 105 ("[A]n employer's investigation of a sexual harassment complaint is not a gratuitous or optional undertaking.").

To meet its duty to prevent harassment, an employer must implement an adequate policy concerning internal harassment investigations. *DFEH v. Madera County* (1990) FEHC Dec. No. 90-03; 1990 WL 312871, 23 (an employer should have in place, and inform its employees about, an adequate procedure for handling sexual harassment and discrimination complaints as part of its independent legal obligation to prevent harassment from occurring, and failure, then, to implement such a policy and procedure may itself constitute a violation of subdivisions (h) and (l).).

At the core of a reasonable investigation policy is taking all reasonable steps to conclude whether or not harassment occurred. *Wellpoint Health Networks, Inc. v. Superior Court* (1997) 59 Cal. App. 4th 110, 126 ("Whatever [remedial] course of action the employer chooses to take, an effective remedy is unlikely to take shape in the absence of a thorough investigation of the alleged acts of harassment.") see also *Watts v. N.Y.P.D.* (S.D. N.Y. 1989) 724 F.Supp. 99, 108 (employers have "an obligation to investigate whether acts conducive to the creation of an atmosphere of hostility did in fact occur . . . .").

In addition, Mr. Tillery was harassed by his supervisors for suffering from a physical

Law Office of David J. Duchrow

John D. Lollis
October 22, 2012
Page 9

disability that caused him to be on light duty and for filing a workers compensation claim In this
instance, Mr. Tillery has a viable claim for employment discrimination based on a disability
under Government Code § 12940(a). Second, Chief Garcia harassed Mr. Tillery about his hours,
for his medical notes and reduced his duties because of his disability. Consequently, the City of
Porterville would be liable for discrimination for harassing Mr. Tillery because of his injury.

Finally, in Mr. Tillery's case, the public policy is contained in the statutory provisions
which require an employer to not discriminate against employees with disabilities (Government
Code § 12940) and against retaliating against those who seek workers compensation benefits
(Labor Code § 132a).

### III. Conclusion

To summarize, Mr. Tillery can state claims for employment discrimination based on a
disability, harassment for the disability and retaliation for reporting an illegal act. These
violations, together, entitle Mr. Tillery to certain remedies, including back pay, compensatory
damages for his emotional distress, his attorney's fees, and punitive damages.

As I said at the outset, my purpose in writing is not to engage in protracted and expensive
litigation, but rather to attempt to resolve this dispute. I would like to invite you to resolve this
matter in a mediation session. If the mediation results in a solution Mr. Tillery would then be
willing to sign a full release of all claims (except workers compensation, which must be resolved
separately through that system). However, if this matter proceeds to litigation, this offer will be
withdrawn.

It is our hope that this matter can be resolved quickly. Accordingly, if you are willing to
mediate this matter, please notify me in writing, and we can arrange for a time and location for
the mediation. If you are unwilling to resolve this matter at this time, please notify me so that I
may advise Mr. Tillery of his further legal remedies.

Your prompt attention to this matter is appreciated.

Sincerely,

Jill Piano

cc: C. Tillery

# Exhibit 3

LAW OFFICE OF
# DAVID J. DUCHROW

David J. Duchrow, Esq.
Jill Anne Piano, Esq.

501 Santa Monica Boulevard, Suite 505
Santa Monica, California 90401-2443

Telephone
(310) 395-5511
Fax (310) 395-6677

October 30, 2012

## CONFIDENTIAL PERSONNEL MATTER

Via facsimile transmission to: (559)791-7999

and U.S. Mail to:

John D. Lollis
City Manager
City of Porterville
291 North Main Street
Porterville, CA 93257

Re: Our client, City of Porterville employee Clyde Tillery

Dear Mr. Lollis,

Further to our letter to you dated, October 22, 2012, we are writing you with regards to your employee and our client Clyde Tillery.

Mr. Tillery has just informed us that he has been placed on administrative leave. You have also banned him from outside employment, in violation of his civil rights. I also understand you are prohibiting him from receiving items from his mailbox.

The timing of this action, one week after we sent you a letter outlining Mr. Tillery's rights and grievances with the City of Porterville, does not go unnoticed.

Nonetheless, we would like to extend one final invitation to you to resolve all of these matters in a mediation session. As we have written previously, it was our hope that this matter can be resolved quickly. Your actions in escalating this matter cast serious doubt on our view of your good faith in this matter; thus, unless we hear from you within five business days of the date of this letter, we will turn our focus away from mediation and toward a restoration of Mr. Tillery's rights through appropriate legal channels despite the increased cost and delays attendant thereto.

Finally, please consider this office to be Mr. Tillery's chosen representative for all of his employment matters under the Meyers-Milias-Brown Act, California Government Code § 3500

Law Office of David J. Duchrow

John D. Lollis
October 30, 2012
Page 2

*et seq.*, and provide the office with any further correspondence, notices or documents the City of
Porterville sends to Mr. Tillery. You may do so by sending it to us by fax to (310) 395-6677.
This designation does not affect Mr. Tillery's choice of a different representative solely to attend
the meeting you have unilaterally scheduled for today, providing Mr. Tillery with insufficient
notice in order to secure the attendance of his chosen representatives.

Sincerely,

David J. Duchrow

cc: C. Tillery

# Exhibit 4

<div align="center">

LAW OFFICE OF
## DAVID J. DUCHROW

</div>

| | | |
|---|---|---|
| David J. Duchrow, Esq.<br>Jill Anne Piano, Esq. | 501 Santa Monica Boulevard, Suite 505<br>Santa Monica, California 90401-2443 | Telephone<br>(310) 395-5511<br>Fax (310) 395-6677 |

<div align="center">

November 28, 2012

</div>

**CONFIDENTIAL PERSONNEL MATTER**
VIA FACSIMILE (559)791-7999
John D. Lollis
City of Porterville
291 North Main Street
Porterville, CA 93257

Re: **Our client, City of Porterville employee Clyde Tillery**

Dear Mr. Lollis,

As you are aware we represent Clyde Tillery in the above reference matter. I am writing to you for an update on Mr. Tillery's employment standing as well as to inquire on the status of the Internal Affairs Investigation.

Mr. Tillery has been on administrative leave since October 29, 2012. He was informed that the City was initiating an investigation into the alleged issuance of fraudulent documents concerning CPR cards. Mr. Tillery was told that he would be allowed to return to work after the inquiries about the incident were conducted. Officer Almos questioned Mr. Tillery about the incident on October 30, 2012. He fully cooperated with the interview.

It has now been thirty days since the investigation has been completed. Yet, we have not heard what the outcome of the review was or what your office requires to complete the audit.

Please advise us of any additional information or documentation you need from our office in connection with this matter and apprise us of the date you expect the internal affairs report to be completed.

If we do not hear from you promptly, we have no other choice but to believe that the lengthy investigation is part of an ongoing pattern of unlawful retaliation against Mr. Tillery in response to his filing a grievance against Chief Garcia.

Sincerely,

Jill Piano

cc: C. Tillery

# Exhibit 5

LAW OFFICE OF
## DAVID J. DUCHROW

| | | |
|---|---|---|
| David J. Duchrow, Esq.<br>Jill Anne Piano, Esq. | 501 Santa Monica Boulevard, Suite 505<br>Santa Monica, California 90401-2443 | Telephone<br>(310) 395-5511<br>Fax (310) 395-6677 |

December 12, 2012

## CONFIDENTIAL PERSONNEL MATTER

VIA FACSIMILE (559)449-4535

and U.S. MAIL TO:

Che I. Johnson, Esq.
Liebert Cassidy Whitmore
5250 N Palm Ave Ste 310
Fresno, CA 93704

Re: Clyde Tillery/ City of Porterville

Dear Mr. Johnson,

I am writing you to follow up on the letter I sent to you on November 29, 2012, informing you of the various employment issues, our client, Clyde Tillery, has with his employer, the City of Porterville ("City"). As I previously told you (and attached copies of the correspondence), we wrote City Manager, John Lollis, on October 21, 2012, October 29, 2012, and November 28, 2012, to try to resolve the employment matters Mr. Tillery has with the City, to find out the outcome of the City's Internal Affairs Investigation, the date Mr. Tillery could return to work at the City and obtain permission for Mr. Tillery to serve with FEMA on the east coast as well as return to teach his high school safety class.

It is almost two weeks later and we still have had no communication from you or from Mr. Lollis, answering any of the questions above or at the very least giving Mr. Tillery permission to serve with FEMA and teach the high school class. As one professional to another, you and your client must know what a jury would think of the City for not communicating with Mr. Tillery's counsel to resolve this matter, let alone what they would think of the City for not even responding to the request to grant permission for Mr. Tillery to help hurricane victims, fellow citizens, by serving with FEMA.

Even though we have not heard from you or your client, Mr. Tillery did hear from the independent panel for his grievance appeal hearing that took place on November 7, 2012. I am attaching their findings for your review. Please note that the panel overturned the decision of the City issuing Mr. Tillery a written reprimand in May and directed the City Personnel Department to remove the reprimand from his employment records. The independent panel's decision provides evidence that the City is retaliating against Mr. Tillery for making a complaint against

Law Office of David J. Duchrow

Che I. Johnson, Esq.
December 12, 2012
Page 2


Chief Garcia. It is another thread in a quilt of threads of the City's actions retaliating against Mr. Tillery.

In closing, let me assure you that we do not wish to needlessly litigate. Part of our job as advocates and professionals is to facilitate amicable resolutions. However, you can see how Mr. Tillery and I are legitimately frustrated with this situation and the lack of communication. It is not only affecting him and his family but fellow citizens he could be helping through FEMA service as well as the high school students. Again, your and your client's refusal to act or communicate with us leaves us no other option but to proceed with litigation to resolve Mr. Tillery's employment matters.

Sincerely,

Jill Piano

cc:    C. Tillery
       J. Lollis

# Exhibit 6

**LCW** LIEBERT CASSIDY WHITMORE

5250 NORTH PALM AVE, SUITE 310
FRESNO, CALIFORNIA 93704
T: 559.256.7800  F: 559.449.4535

cjohnson@lcwlegal.com
559.256.7805

December 19, 2012

Jill Anne Piano
Law Office of David J. Duchrow
501 Santa Monica Boulevard, Suite 505
Santa Monica, California 90401-2443

     Re:   *Clyde Tillery & the City of Porterville*
          **Client-Matter: PO090/016**

Dear Ms. Piano:

This letter is in response to your December 12, 2012 letter. As you are aware, the internal investigation of Mr. Tillery has not been completed. The City does not discuss ongoing internal investigations. Once the internal investigation is completed the City will issue notice to Mr. Tillery. Until that time the City cannot entertain any requests for private mediation.

          Regards,

          LIEBERT CASSIDY WHITMORE

          Che I. Johnson

CIJ:slb

cc:    Patrice Hildreth

Los Angeles | San Francisco | Fresno | San Diego
www.lcwlegal.com

1  **DUCHROW & PIANO, LLP**
   David J. Duchrow, C.S.B. No. 105617
2  Jill A. Piano C.S.B. No. 193930
   501 Santa Monica Boulevard, Suite 505
3  Santa Monica, California 90401-2443
   Telephone (310) 395-5511
4  Facsimile (310) 395-6677

5  **THE DIAZ LAW FIRM**
   Maria G. Diaz, C.S.B. No. 220087
6  Kirby Fernando Cañon, C.S.B. No.276414
   7045 N. Maple Ave. Suite 107
7  Fresno, California 93720
   Telephone Number: (559) 321-8880
8  Fax Number: (559) 321-8878

9  **Attorneys for Plaintiff, <u>CLYDE TILLERY</u>**

10

11             **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                       **FOR THE COUNTY OF TULARE**

13

14

15

16  CLYDE TILLERY, an individual,            )        CASE NO: VCU256467
                                             )
17              Plaintiff,                   )
                                             )
18       vs.                                 )
                                             )
19  JOHN D. LOLLIS, in his official capacity; )      **PROOF OF SERVICE**
    CITY OF PORTERVILLE, a public entity;    )
20  CITY OF PORTERVILLE FIRE                 )
    DEPARTMENT; a public entity, MARIO       )
21  GARCIA, an individual; GLENN IRISH,      )
    an individual; Does 1-20,                )
22                                           )
                                             )
             Defendants                      )
23  _____ )

24

25

26

27

28

                                    -1-

1

## PROOF OF SERVICE

2      I am employed in the County of Fresno, State of California.  I am over the age of 18
3  and not a party to the within action.  My business address is 7045 N. Maple Ave, Suite 107
   Fresno, CA 93720.

4      On **November 19, 2014**, I served the foregoing documents on interested parties
   in the case of Clyde Tillery v. John D. Lollis, et al., described as:
5

6  **PLAINTIFF'S FIRST AMENDED COMPLAINT, EXHIBITS 1-6**

   [] 　 by placing true copies thereof enclosed in sealed envelopes addressed as stated on
7      the attached mailing list:

8  []   by placing [] the original [X] a true copy thereof enclosed in sealed envelopes at
      Fresno, California addressed as follows:
9

            Jesse J. Maddox, Esq.
10            Che I. Johnson, Esq.
         **LIEBERT CASSIDY WHITMORE**
11          5250 North Palm Ave, Suite 310
               Fresno, CA 93704
12               (559) 256-7800
               Fax (559) 449-4535
13            Attorneys for Defendants

14  []   **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed
      in the United States mail at Fresno, California.
15

   []   **BY FEDERAL EXPRESS:** I caused such document(s) to be delivered via Federal
16      Express in a package designated to be picked up by Federal Express with delivery
      fees provided for to the addressee(s) designated.  I am readily familiar with the
17      business practice of collecting and processing correspondence to be picked up by
      an employee of Federal Express.
18
   [X]  **BY PERSONAL SERVICE:** I caused such envelope to be personally served on
19      the Addresse(s) to the offices of the addressee(s).

20  Executed on **November 19, 2014**, at Fresno, California.

21  [X]  **State** I declare under penalty of perjury under the laws of the State of California
      that the above is true and correct.
22
   []   **Federal** I declare that I am employed in the office of a member of the bar of this
23      Court at whose direction the service was made.

24

25

26          ADRIANA MONTELONGO

27

28

-2-

**PROOF OF SERVICE**

Exhibit D

1  Jesse J. Maddox, Bar No. 219091
   jmaddox@lcwlegal.com
2  Erik M. Cuadros, Bar No. 287193
   ecuadros@lcwlegal.com
3  Che I. Johnson, Bar No. 252112
   cjohnson@lcwlegal.com
4  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
5  5250 North Palm Ave, Suite 310
   Fresno, California 93704
6  Telephone:    559.256.7800
   Facsimile:    559.449.4535
7
   Attorneys for Defendants JOHN D. LOLLIS, CITY OF
8  PORTERVILLE, CITY OF PORTERVILLE FIRE
   DEPARTMENT, MARIO GARCIA, and GLENN IRISH
9

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF TULARE

12
   CLYDE TILLERY, an individual,          Case No.: VCU 256467
13
                  Plaintiff,
14
        v.                                **NOTICE TO SUPERIOR COURT OF
15                                         REMOVAL OF CIVIL ACTION TO
   JOHN D. LOLLIS, in his official        FEDERAL COURT (28 U.S.C. SECTION 1441 -
16 capacity; CITY OF PORTERVILLE, a       FEDERAL QUESTION JURISDICTION)**
   public entity; CITY OF PORTERVILLE
17 FIRE DEPARTMENT, a public entity;
   MARIO GARCIA, an individual;
18 GLENN IRISH, an individual; DOES 1-    **(*Exempt from filing fees pursuant to Gov.
   20,                                    Code, § 6103.)**
19
                  Defendants.
20

21      TO: THE CLERK OF THE ABOVE-ENTITLED COURT

22      PLEASE TAKE NOTICE that Defendants JOHN D. LOLLIS, CITY OF

23 PORTERVILLE, CITY OF PORTERVILLE FIRE DEPARTMENT, MARIO GARCIA, and

24 GLENN IRISH have on this date filed a Notice of Removal in the Office of the Clerk of the

25 United States District Court for the Eastern District of California, in Fresno, California. A copy

26 of the Defendants' Notice without its accompanying exhibits is attached hereto as Exhibit "A".

27      PLEASE TAKE FURTHER NOTICE that by filing said Notice to Federal Court in the

28 United States District Court, and by this Notice to State Court, the above-entitled action has been

89521.3 PO090-018

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1  removed from this Court to the United States District Court for the Eastern District of California

2  pursuant to 28 U.S.C. section 1441 (Federal Question Jurisdiction), and this Court may proceed

3  no further unless and until this case is remanded.

4

5  Dated:  December 19, 2014                              LIEBERT CASSIDY WHITMORE

6

7

8  By:  _Jesse Maddox_
                                                  Jesse J. Maddox
9                                                 Erik M. Cuadros
                                                  Che I. Johnson
10                                                Attorneys for Defendants JOHN D.
                                                  LOLLIS, CITY OF PORTERVILLE,
                                                  CITY OF PORTERVILLE FIRE
11                                                DEPARTMENT, MARIO GARCIA,
                                                  and GLENN IRISH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno, State of California.  I am over the age of 18 and not a party to the within action; my business address is: **5250 North Palm Ave, Suite 310, Fresno, California 93704.**

On December 19, 2014, I served the foregoing document(s) described as **NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT (28 U.S.C. SECTION 1441 - FEDERAL QUESTION JURISDICTION)** in the manner checked below on all interested parties in this action addressed as follows:

Ms. Maria G. Diaz
The Diaz Law Firm
7045 N. Maple Ave., #107
Fresno, CA 93720

Mr. David J. Duchrow
Duchrow & Plano, LLP
501 Santa Monica Blvd., #505
Santa Monica, CA 90401-2443

☑ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Liebert Cassidy Whitmore for collection and processing of document(s) to be transmitted by facsimile. I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 559.449.4535 to the facsimile number(s) listed above. The facsimile machine I used complied with the applicable rules of court. Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine. A copy of this transmission is attached hereto.

Executed on **December 19, 2014**, at Fresno, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Susan L. Pugh

Exhibit E

Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Erik M. Cuadros, Bar No. 287193
ecuadros@lcwlegal.com
Che I. Johnson, Bar No. 252112
cjohnson@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone: 559.256.7800
Facsimile: 559.449.4535

Attorneys for Defendants JOHN D. LOLLIS, CITY OF PORTERVILLE, CITY OF PORTERVILLE FIRE DEPARTMENT, MARIO GARCIA, and GLENN IRISH

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF TULARE

| | |
|---|---|
| CLYDE TILLERY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN D. LOLLIS, in his official capacity; CITY OF PORTERVILLE, a public entity; CITY OF PORTERVILLE FIRE DEPARTMENT, a public entity; MARIO GARCIA, an individual; GLENN IRISH, an individual; DOES 1-20,<br><br>Defendants. | Case No.: VCU 256467<br><br>**NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**(*Exempt from filing fees pursuant to Gov. Code, § 6103.)** |

TO: PLAINTIFF CLYDE TILLERY AND HIS COUNSEL OF RECORD

PLEASE TAKE NOTICE that on December 19, 2014, Defendants JOHN D. LOLLIS, CITY OF PORTERVILLE, CITY OF PORTERVILLE FIRE DEPARTMENT, MARIO GARCIA, and GLENN IRISH filed in the United States District Court for the Eastern District of California, Fresno, California, its Notice of Removal of the above-entitled action from the Superior Court of the State of California, County of Tulare, to said United States District Court, pursuant to 28 U.S.C. section 1441 based upon federal question jurisdiction, and filed on December 19, 2014 in said Superior Court a Notice to State Court of Removal of Civil Action

and a copy of the Notice to Federal Court of Removal of Civil Action filed with the United States

District Court for the Eastern District of California.  Copies of said Notices of Removal are

served and filed herewith.


Dated:  December 19, 2014                          LIEBERT CASSIDY WHITMORE


By: _____
    Jesse J. Maddox
    Erik M. Cuadros
    Che I. Johnson
    Attorneys for Defendants JOHN D.
    LOLLIS, CITY OF PORTERVILLE,
    CITY OF PORTERVILLE FIRE
    DEPARTMENT, MARIO GARCIA,
    and GLENN IRISH

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

89520.1 PO090-018
NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

I am employed in the County of Fresno, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  **5250 North Palm Ave, Suite 310, Fresno, California 93704.**

On December 19, 2014, I served the foregoing document(s) described as **NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** in the manner checked below on all interested parties in this action addressed as follows:

Ms. Maria G. Diaz
The Diaz Law Firm
7045 N. Maple Ave., #107
Fresno, CA 93720

Mr. David J. Duchrow
Duchrow & Plano, LLP
501 Santa Monica Blvd., #505
Santa Monica, CA 90401-2443

☑   **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Liebert Cassidy Whitmore for collection and processing of document(s) to be transmitted by facsimile.  I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 559.449.4535 to the facsimile number(s) listed above.  The facsimile machine I used complied with the applicable rules of court.  Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine.  A copy of this transmission is attached hereto.

Executed on **December 19, 2014,** at Fresno, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Susan L. Pugh

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Exhibit A

Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Erik M. Cuadros, Bar No. 287193
ecuadros@lcwlegal.com
Che I. Johnson, Bar No. 252112
cjohnson@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:   559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendants JOHN D. LOLLIS, CITY OF
PORTERVILLE, CITY OF PORTERVILLE FIRE
DEPARTMENT, MARIO GARCIA, and GLENN IRISH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| CLYDE TILLERY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> JOHN D. LOLLIS, in his official capacity; CITY OF PORTERVILLE, a public entity; CITY OF PORTERVILLE FIRE DEPARTMENT, a public entity; MARIO GARCIA, an individual; GLENN IRISH, an individual; DOES 1-20, <br><br> Defendants. | Case No.: <br><br> Complaint Filed: May 28, 2014 <br> FAC Filed: November 19, 2014 <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441, FEDERAL QUESTION** <br><br> **(\*Exempt from filing fees pursuant to Gov. Code, § 6103)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants JOHN D. LOLLIS, CITY OF

PORTERVILLE, CITY OF PORTERVILLE FIRE DEPARTMENT, MARIO GARCIA, and

GLENN IRISH ("City" or "Defendants") hereby remove to this Court the state court action

described below:

1. On May 28, 2014, Plaintiff Clyde Tillery filed a Complaint for Damages for

Whistleblower Retaliation and Employment Discrimination, in the Superior Court of the State of

California for the County of Tulare entitled *Clyde Tillery, Plaintiff, v. John Lollis, City of*

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1  *Porterville, City of Porterville Fire Department, Mario Garcia, Glenn Irish, and Does 1-20,*

2  *Defendants,* as Case Number VCU 256467.  A true and correct copy of the Complaint is attached

3  hereto as Exhibit "A."

4      2.  On August 1, 2014, the City filed a Demurrer to all three causes of action in the

5  Complaint.  A true and correct copy of the Demurrer is attached as Exhibit "B."  On October 14,

6  2014, Plaintiff filed a Memorandum of Points and Authorities in Opposition to Demurrer.  On

7  October 21, the City filed a Reply to Plaintiff's Opposition to Demurrer to Complaint.

8      3.  On November 19, 2014, prior to the hearing on the Demurrer, Plaintiff filed his

9  First Amended Complaint.  The First Amended Complaint added causes of action under 42

10  U.S.C. section 1983 for violation of civil rights - deprivation of free speech; 29 U.S.C. section

11  2615 for interference with FMLA leave; and 29 U.S.C. section 2615 for FMLA retaliation.

12  Plaintiff omitted exhibits under the First Amended Complaint's exhibit tab.  Accordingly,

13  Plaintiff filed a Notice of Errata to First Amended Complaint and a copy of the First Amended

14  Complaint, with all exhibits, on November 20, 2014.  A true and correct copy of the First

15  Amended Complaint is attached as Exhibit "C."

16      4.  This action is removable to the District Court in accordance with 28 U.S.C. section

17  1441(a) and (c) in that it arises under federal question jurisdiction based upon alleged violations

18  of 42 U.S.C. section 1983 for First Amendment deprivation and 29 U.S.C. section 2615 for

19  interference with leave and retaliation.

20      5.  The supplemental claims (i.e., claims under California Labor Code section

21  1102.5(b) and Government Code section 12940(h) and (j)) contained within this civil action are

22  so related to the 42 U.S.C. section 1983 and 29 U.S.C. section 2615 claims that they form part of

23  the same case or controversy.  These claims may be removed to this Court pursuant to the

24  provisions of 28 U.S.C. section 1367(a).

25      6.  This NOTICE OF REMOVAL OF ACTION is filed with the District Court within

26  thirty (30) days after receipt by the City of a copy of the First Amended Complaint, setting forth

27  for the first time claims giving rise to removal under 28 U.S.C. section 1441(a) and (c), in

28  accordance with 28 U.S.C. section 1446(b).

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

89522.3 PO090-018

2

NOTICE OF REMOVAL OF ACTION

1    7.  The City is providing prompt notice to all adverse parties of the filing of the

2  NOTICE OF REMOVAL OF ACTION and it is filing a copy of the NOTICE OF REMOVAL

3  OF ACTION with the Clerk of the Tulare County Superior Court.

4    8.  The above-described action now pending in the Superior Court of the State of

5  California for the County of Tulare should be removed to this District Court in accordance with

6  the provisions of 28 U.S.C. sections 1441(a) and (c) and 1446(a) and (b).

7    9.  Attached as Exhibit "D" and incorporated herein by reference is a copy of the

8  City's Notice to State Court of Removal of Action. Attached as Exhibit "E" and incorporated

9  herein by reference is a copy of the City's Notice to Plaintiff of Removal to Federal Court being

10  served on Plaintiff's counsel this date.

11

12  Dated: December 19, 2014                    LIEBERT CASSIDY WHITMORE

13

14

15                              By:    /S/ JESSE J. MADDOX
                                       Jesse J. Maddox
                                       Erik M. Cuadros
16                                     Che I. Johnson
                                       Attorneys for Defendants JOHN D.
17                                     LOLLIS, CITY OF PORTERVILLE,
                                       CITY OF PORTERVILLE FIRE
18                                     DEPARTMENT, MARIO GARCIA,
                                       and GLENN IRISH

19

20

21

22

23

24

25

26

27

28

89522.3 PO090-018                          3

NOTICE OF REMOVAL OF ACTION

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is: **5250 North Palm Ave, Suite 310, Fresno, California 93704.**

On December 19, 2014, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441, FEDERAL QUESTION** in the manner checked below on all interested parties in this action addressed as follows:

Ms. Maria G. Diaz
The Diaz Law Firm
7045 N. Maple Ave., #107
Fresno, CA 93720

Mr. David J. Duchrow
Duchrow & Plano, LLP
501 Santa Monica Blvd., #505
Santa Monica, CA 90401-2443

☑ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Liebert Cassidy Whitmore for collection and processing of document(s) to be transmitted by facsimile. I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 559.449.4535 to the facsimile number(s) listed above. The facsimile machine I used complied with the applicable rules of court. Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine. A copy of this transmission is attached hereto.

Executed on **December 19, 2014**, at Fresno, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Susan L. Pugh

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704